**Vijay V. SATOSKAR, and all others similarly situated, Plaintiff-Appellant,**

v.

**INDIANA REAL ESTATE COMMISSION et al., Defendants-Appellees.**

**No. 74–1946.**

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1975.

Decided June 2, 1975.

Rehearing and Rehearing En Banc Denied July 14, 1975.

Certiorari Denied Nov. 3, 1975. See 96 S.Ct. 276.

---

M. Daniel Friedland, Indianapolis, Ind., for plaintiff-appellant.

Theodore L. Sendak, Atty. Gen., Donald P. Bogard, Asst. Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before PELL, STEVENS and TONE, Circuit Judges.

TONE, Circuit Judge.

The issue in this appeal is whether the District Court properly denied a request for the awarding of attorneys' fees against the State of Indiana and state officials who were defendants in their official capacities. In the underlying suit, plaintiff was successful in challenging the constitutionality of the Indiana statute precluding aliens from applying for or obtaining real estate licenses, but did not prevail on the class and damages aspects of the case.

The history of the case was this: A single judge abstained from deciding the constitutional question, but his decision was reversed and remanded for the convening of a three-judge court. 478 F.2d 1405 (7th Cir. 1973), cert. denied, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973). On remand, the statute was declared unconstitutional, and the Supreme Court summarily affirmed, citing In re

Griffiths, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973). 417 U.S. 938, 94 S.Ct. 3062, 41 L.Ed.2d 661 (1974). The case then proceeded to trial before a single judge on the issues of damages and attorneys' fees. On September 11, 1974, in the order now before us, the District Court denied both damages and fees.

The District Court denied the request for fees on the ground that the Eleventh Amendment bars any monetary recovery against the state, and, since the officials are defendants in their official capacities only, any award against them would be, in effect, an award against the state. We affirm the judgment but do so without reaching the Eleventh Amendment question.

Plaintiff recognizes the American Rule that the prevailing party is not ordinarily entitled to recover his attorneys' fee from the losing party but argues that his case comes within several judicially created exceptions to that general rule: (1) that by securing injunctive and declaratory relief he has conferred a common benefit on a group of people whose constitutional rights had been violated; (2) that he has acted as a private attorney general in effectuating a strong Congressional policy; (3) that he should receive attorneys' fees based on "this Court's inherent equitable power to shift the attorney fees to defeated defendants in 1983 actions;" and (4) that defendants have acted obstinately and in bad faith in "pursuing frivolous appeals." Plaintiff further argues that the Eleventh Amendment, contrary to the conclusion of the District Court, does not bar recovery of attorneys' fees from the state or state officials being sued in their official capacities.

Since oral argument in this case, the Supreme Court has held in Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), that in the absence of express statutory authority the federal courts do not have inherent judicial power to award fees based on the "private attorney general" approach or on their views as to the social importance of the policy underlying the statute under

which the plaintiff sues. Thus, plaintiff's second and third arguments have been conclusively rejected by the Supreme Court. The Court also noted the limits of the "common fund and common benefit" justification for awarding fees: that in all the cases upholding awards on that basis, "the class of beneficiaries was small in number and easily identifiable. The benefits could be traced with some accuracy, and there was reason for confidence that the costs could indeed be shifted with some exactitude to those benefitting." 421 U.S. at 265 n. 39, 95 S.Ct. at 1625. There is no effective way in the instant case to levy fees against a benefited class for the reasons that presumably led the District Court to reject the class and damages allegations of the complaint: Any benefit to resident aliens of Indiana is merely theoretical and not reducible to monetary figures; the class suffers problems of indefiniteness; and thus the means of identifying either benefit or class with requisite accuracy are lacking. To assess attorneys' fees against the state is inappropriate because that would impose a share of the cost on all citizen taxpayers and not just on the aliens directly benefited. If it is to be asserted that all citizens have in fact benefited from the vindication of constitutional principles, the "common benefit" theory would merge into the "private attorney general" approach, which as we have said has been rejected by the Court in *Alyeska Pipeline.*

There remains the question of whether there was "bad faith" on the part of the state or its officials that would justify a fee award. The standards for bad faith are necessarily stringent. Compare Sims v. Amos, 340 F.Supp. 691, 693–694 (M.D. Ala.1972), aff'd, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972), with Donahue v. Staunton, 471 F.2d 475, 482–483 (7th Cir. 1972), cert. denied, 410 U.S. 955, 93 S.Ct. 1419, 35 L.Ed.2d 687 (1973), and see discussion of the two in *Alyeska Pipeline,* 421 U.S. at 270 n. 46, 95 S.Ct. at 1628 n. 46, 44 L.Ed.2d 141. The prosecution of timely appeals on the merits of a case does not show bad faith, especially where, as here, the defendants were acting on the advice of the state Attorney General, who represented them throughout the course of this litigation, and where the issue involved had been the subject of an intervening Supreme Court decision (In re Griffiths, *supra,* 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910), which was not on all fours with the instant case. We have been referred to no evidence that would support a finding that the appeals were taken in bad faith.

As a result of our conclusion that no proper basis existed on which the District Court could have justified an award of fees, we affirm the order denying fees without reaching the question whether the Eleventh Amendment precludes an award of fees against the state or its officials.* This result is in accord with that reached in Townsend v. Edelman, 518 F.2d 116 (7 Cir., 1975), decided this day by another panel of this court.

Affirmed.

---

* The disagreement among the circuits on this question is described but not resolved in footnote 44 of the *Alyeska Pipeline* opinion, 421 U.S. at 269 n. 44, 95 S.Ct. at 1628 n. 44. It should also be noted that there is an intra-circuit split in both the Fifth and Sixth Circuits: compare Gates v. Collier, 489 F.2d 298 (5th Cir. 1973), *reh'ring en banc granted,* 500 F.2d 1382 (1974), and Newman v. Alabama, 503 F.2d 1320, 1321 n. 1, (5th Cir. 1974) (hearing en banc on the issue of attorneys' fees), with *Named Individual Members of San Antonio Conservation Soc'y v. Texas Hwy. Dept.,* 496 F.2d 1017, 1025–1026 (5th Cir. 1974), *reh'ring en banc granted,* 496 F.2d 1026 (1974). Compare Jordon v. Gilligan, 500 F.2d 701 (6th Cir. 1974), cert. denied, 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975), with *Milburn* v. *Huecker,* 500 F.2d 1279, 1282 (6th Cir. 1974), and see Taylor v. Perini, 503 F.2d 899, 911–912 (6th Cir. 1974), *vacated and remanded in light of Alyeska Pipeline,* 421 U.S. 982, 95 S.Ct. 1985, 44 L.Ed.2d 474 (1975); see also *Citizens to Preserve Overton Park, Inc.* v. *Brinegar,* 494 F.2d 1212 (6th Cir. 1974), cert. denied, 421 U.S. 991, 95 S.Ct. 1997, 44 L.Ed.2d 481 (1975). See also *Skehan* v. *Bd. of Trustees of Bloomsburg St. College,* 501 F.2d 31 (3d Cir. 1974), *vacated and remanded in light of Alyeska Pipeline,* 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474 (1975). (Footnote revised as of August 7, 1975.)