Jerome M. COTLER, Petitioner,

v.

INTER–COUNTY ORTHOPAEDIC ASSOCIATION, P.A., et al., Respondents,

Honorable Mitchell H. Cohen, Nominal-Respondent.

No. 75–1873.

United States Court of Appeals, Third Circuit.

March 1, 1976.

Samuel J. Serata, Serata & Stanger, Bridgeton, N. J., for respondent Mahaveer P. Prabhaker.

Gerald M. Eisenstat, Shapiro, Eisenstat, Capizola, O'Neill, Lisitski & Gabage, Vineland, N. J., for respondents Basil Ingemi and Barbara Ingemi.

Neil F. Deighan, Jr., Kisselman, Deighan, Montano & Summers, Camden, N. J., for respondents Warren C. Lummis, Steven Z. Kleiner, Jay R. Moore and Michael Brook Fisher, Ind. and T/A Lummis, Kleiner, Moore & Fisher.

Fred Lowenschuss Associates, Fred Lowenschuss, Philadelphia, Pa., for appellant; James J. Seeley, Camden, N. J., Gerald M. Eisenstat, Vineland, N. J., of counsel and on the brief.

Keron D. Chance, Bridgeton, N. J., for appellant The Farmers and Merchants National Bank of Bridgeton, New Jersey; Fred Lowenschuss, William D. Parry, Philadelphia, Pa., of counsel.

Before GIBBONS, Circuit Judge, MARKEY,* Chief Judge, Court of Customs and Patent Appeals, WEIS, Circuit Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

We are presented with a petition by a successful applicant for a writ of mandamus for an order assessing costs against the actual respondent. The question is of first impression in this court. We conclude that costs may be assessed in favor of the successful petitioner against the actual respondent.

The case came before this panel by appeal in No. 75–1451 and by a petition for mandamus in No. 75–1873 seeking relief from two orders of the district court. The first order granted a stay of federal proceedings so long as related actions in the Superior Court of New Jersey were pending and undecided. The second order directed the district court clerk to administratively terminate the action in his records, without prejudice to the right of the parties to reopen the proceedings. We held that this court lacked appellate jurisdiction since neither order was final, but that the stay of an action asserting a claim over which federal jurisdiction was exclusive was improper and remediable by mandamus.

In the course of his litigation the successful petitioner filed in this court a brief on appeal, an appendix and a petition for mandamus. The petition for a

---

* Chief Judge, Court of Customs and Patent Appeals, sitting by designation.

writ of mandamus relied upon the appendix filed in connection with the appeal. The brief on appeal argued the merits of the district court's action and was at least in part applicable to the mandamus proceeding.

In No. 75–1451 a judgment issued dismissing the appeal. In No. 75–1873, pursuant to an order of the court, a writ of mandamus issued. Petitioner, considering himself to be the prevailing party in No. 75–1873, applied to the Clerk of this Court for the assessment of costs. The Clerk, relying on Rule 39(a), Fed.R. App.P., declined to assess costs because the appeal in No. 75–1451 had been dismissed and because Rule 39 makes no provision for the assessment of costs in a mandamus proceeding. The instant petition followed. We requested briefing on the issue by the petitioner and the actual respondent.

 Although Rule 39 does not in terms provide for the assessment of costs in a mandamus proceeding, we do not believe that ends our inquiry. When we exercise mandamus jurisdiction in aid of our appellate jurisdiction our authority to do so is conferred by the All Writs Act, 28 U.S.C. § 1651. When we exercise that jurisdiction it is an original action at law. There is no reason why costs should not be assessed in favor of the prevailing party in such an action at law as in any other. The Clerk of this Court can assess costs to the same extent that a district court clerk would do so pursuant to Rule 54(d), Fed.R.Civ.P.

 The point has not often been litigated, but the First Circuit considered it sixty-eight years ago. *In re Haight & Freese Co.,* 164 Fed. 688 (1st Cir. 1908). Pointing out that the judge was a nominal respondent, the court reasoned:

It would be contrary to the fundamental rules protecting the freedom of judicial action to tax costs against a judge of any one of the constitutional courts of the United States by reason of any failure to apprehend the law correctly. A formal judgment under such circumstances will be found in *Insurance Company v. Wilson,* 8 Pet. 291, 304, 305, 8 L.Ed. 949, where a

peremptory mandamus was awarded against a district judge without any allowance of costs. We hardly need any authorities on such a proposition; but for convenience we refer again to Spelling's Extraordinary Remedies (2d Ed.) 1466.

Against whom then can costs be taxed? Undoubtedly, if on the summons to show cause, or on any notice that they might appear, the adverse parties had come in and resisted the petition for mandamus on the merits, costs could have gone against them; but their position in this court was not of that character. It took the form of a motion to dismiss because the proceedings had become unnecessary. On being formally advised of the facts, this court acceded to the motion to dismiss made by them. They would, therefore, appear to be the prevailing parties, if there were any such; but there seems to be no substantial right to costs either way. *Id.* at 690.

*Accord, United States v. Boutwell,* 84 U.S. [17 Wall.] 604, 608, 21 L.Ed. 721 (1873) (dictum). The reasoning, though ancient, is sound. Costs may not be taxed against the nominal respondent, a judge. If this court dismisses the petition without requiring an answer, costs may not be assessed since the petitioner has not prevailed, and the actual respondent has incurred none. If an answer is required costs should be assessed, unless the court otherwise orders, in favor of the prevailing party: petitioner or actual respondent.

In this case the appendix filed in the appeal served as an appendix for the mandamus proceeding, and in our judgment fifty per cent of the brief on appeal was addressed to matters properly considered on the mandamus. The Clerk should allow as taxed costs the expense of printing the appendix, one half the costs of printing the brief, and the cost of printing the petition for mandamus.