Steve Gerald STEVENS,
Petitioner-Appellant,

v.

MUNICIPAL COURT FOR the SAN JOSE–MILPITAS JUDICIAL DISTRICT, COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, Respondent-Appellee.

No. 77–1979.

United States Court of Appeals,
Ninth Circuit.

Aug. 29, 1979.

Selby V. I. Brown, Jr., County Counsel, San Jose, Cal., for respondent-appellee.

Before ELY and KILKENNY, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

The District Court granted Steve Gerald Stevens' petition for habeas corpus, 28 U.S.C. § 2254, but denied Stevens' motion for allowance of counsel fees for services rendered by the attorney who prosecuted the petition. Stevens appeals from the denial of the motion. We affirm.

I

The facts which gave rise to the appeal may be summarized as follows. Stevens was convicted in the Municipal Court for the San Jose-Milpitas Judicial District (hereinafter "Municipal Court") for violation of California Penal Code § 415.5 (maliciously and wilfully disturbing the peace of a state educational institution). He was sentenced to two years of probation with a conditional fifteen-day suspended sentence. Stevens appealed and in aid of his appeal filed motions for a free transcript and appointment of an appeals attorney, on the ground of his indigency. These motions were denied by the Municipal Court. The Appellate Division of the Superior Court of California affirmed the denials, ruling that the record failed to show Stevens was indigent. Stevens petitioned for federal habeas corpus on the ground the state courts denied him, as an indigent, his constitutional rights to the free transcript and appointment of appeals counsel on his first state court appeal. The District Court agreed and granted the petition. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In the District Court Stevens did not request appointment of counsel by the court. *See* 18 U.S.C. § 3006A(g). He chose to be represented by an attorney employed by Community Legal Services, a private, non-profit legal services organization.

Three issues are presented on this appeal:

(1) Does the common benefit exception to the general rule against allowance of counsel fees permit an award of fees in this case?

(2) Does a legal services organization which makes no charge to its clients have the right to an award of counsel fees here?

(3) Do the sixth and fourteenth amendments to the United States Constitution require an award of counsel fees in a proceeding where the constitutional rights are vindicated?

We address the first issue, and do not reach the other issues for reasons stated below.

II

■ The common benefit exception to the general rule against allowance by a court of counsel fees, absent statutory authority, applies where a litigant confers a substantial benefit on an easily identifiable class of persons, where the benefits can be traced with reasonable accuracy, and the costs of litigation can be shifted with some exactitude, to those benefiting. *Burroughs v. Board of Trustees of the Pension Trust Fund for Operating Engineers*, 542 F.2d 1128 (9th Cir. 1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 264–65, n.39, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393–94, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). None of the criteria which gives rise to the common benefit exception is met in this case.

■ Stevens argues that he has benefited the class of all indigents denied assistance of counsel or a free transcript on appeal in the Municipal Court, and has benefited the Municipal Court as an institution in its future lawful conduct of its affairs. How-

* The Honorable Frank J. Murray, Senior United States District Judge for the District of Massachusetts, sitting by designation.

ever, Stevens has made no showing of the identity and number of the beneficiaries in the class of indigents denied counsel or a free transcript, and absent these essential factors, Stevens, as a successful petitioner, may not recover counsel fees. *Burroughs, supra.* Nor has Stevens made a showing that an award of counsel fees would shift the costs of the litigation to those allegedly benefiting from it. The common benefit exception to the rule has no application to a benefit to all citizens of a county, as a result of allegedly benefiting the Municipal Court as an institution, for such a broad class would merge the exception into the private-attorney-general concept rejected in *Alyeska, supra,* 421 U.S. at 263, 95 S.Ct. 1612. *Satoskar v. Indiana Real Estate Commission,* 517 F.2d 696 (7th Cir.), *cert. denied,* 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256 (1975). *See Incarcerated Men of Allen County Jail v. Fair,* 507 F.2d 281, 285 n.2 (6th Cir. 1974) (*dictum*). *Cf. Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 768–69 n.7 (9th Cir. 1977) (*dictum*). Furthermore, where the main issue in the District Court was Stevens' indigency, it is not clear what was the nature of the benefits alleged to have been conferred on other indigents. As the District Court correctly determined, the litigation established no new concept of vindication of constitutional rights. We note that no showing was made by Stevens that the benefits consisted in the removal or abatement of a chilling effect on the rights of others. *See Hall v. Cole, supra,* 412 U.S. at 8–9, 93 S.Ct. 1943. We conclude that Stevens has not demonstrated that his case falls within the common benefit exception to the general rule.

**III**

We do not reach the question of the right of the attorney employed by Community Legal Services to be awarded counsel fees. Such right, if any, must derive from the common benefit exception, which we hold does not apply in this case. *Brandenburger v. Thompson,* 494 F.2d 885 (9th Cir. 1974), is not apposite, because there the fees were awarded on the basis of the private-attorney-general concept, which now is rejected. *See Alyeska,* 421 U.S. *supra* at 263, 270 n.46, 95 S.Ct. 1612.[1]

Nor do we reach the merits of the question whether the sixth and fourteenth amendments require an award of fees to counsel retained to vindicate the wrongful denial of an indigent's constitutional rights. This issue was not presented to the District Court, and no "exceptional circumstances" exist to justify review of it. *See United States v. Plechner,* 577 F.2d 596 (9th Cir. 1978); *Frommhagen v. Klein,* 456 F.2d 1391, 1395 (9th Cir. 1972). Because appellant's petition for habeas corpus was granted, and failure to reach the question here has no impact on other persons, we will not consider it.[2]

AFFIRMED.

1. *Brandenburger* was an action brought under 42 U.S.C. § 1983, and was decided in this court prior to the amendment of 42 U.S.C. § 1988, by Pub.L. 94–559, the Civil Rights Attorney's Fees Awards Act of 1976, authorizing the discretionary award of a reasonable attorney's fee as part of the prevailing party's costs in, *inter alia,* a section 1983 action.

2. Appellant here did not bring this action under 42 U.S.C. § 1983; hence 42 U.S.C. § 1988, as amended by Pub.L. 94–559, does not apply.