Geraldine WALDROP, Plaintiff-Appellee,

v.

UNITED STATES DEPARTMENT OF the AIR FORCE, Defendant-Appellant.

No. 81–3077.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 5, 1982.

Decided Aug. 24, 1982.

Robert L. Simpkins, Asst. U. S. Atty., James R. Burgess, Jr., U. S. Atty., East St. Louis, Ill., for defendant-appellant.

Mark G. Zellmer, Husch, Eppenberger, Donohue, Elson & Confeld, St. Louis, Mo., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and PELL and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The plaintiff in this suit under the Privacy Act, 5 U.S.C. § 552a, obtained a judgment in the district court for $1,000 in damages and some $6,000 in attorney's fees and costs. The government filed a timely notice of appeal to this court but two and a half months later announced that it was "withdrawing" its appeal. The plaintiff responded with a motion for some $800 in attorney's fees incurred in preparing to defend the appeal and in preparing the mo-

tion for fees. The motion mentions costs but contains no specific request for them, so we shall treat it as seeking just attorney's fees.

The Federal Rules of Appellate Procedure make no provision for an appellant's withdrawing his appeal without either the agreement of the appellee or leave of the court of appeals. Rule 42(b), however, authorizes the court of appeals to dismiss an appeal on the appellant's motion "upon such terms as may be agreed upon by the parties or fixed by the court," so we shall treat the government's March 4 submission as a Rule 42(b) motion and the plaintiff's response as a motion (also under Rule 42(b)) to condition the grant of the government's motion on payment of the plaintiff's attorney's fees.

The question we must decide—surprisingly, it is one of first impression—is whether the phrase "upon such terms as may be . . . fixed by the court" is a general authorization to the courts of appeals to require appellants to pay appellees' appellate legal fees. No court has gone so far. *Shellman v. United States Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975), did condition the dismissal of an appeal under Rule 42(b) on the appellant's paying the appellee's appellate legal fees, but since the appellant had agreed to do so, 528 F.2d at 677, the payment of those fees was one of the "terms . . . agreed upon by the parties" and the court therefore had no occasion to consider its power to impose such a condition on an unwilling appellee. *Blount v. State Bank & Trust Co.*, 425 F.2d 266 (4th Cir. 1970) (per curiam), illustrates the conventional exercise of the power under Rule 42(b) to impose conditions. The appellant's counsel, after inexcusably failing to comply with the court's briefing schedule for his appeal, moved for a voluntary dismissal. If the court had simply granted the motion, costs would have been taxed against the appellant under Rule 39. The court dismissed but ordered costs taxed against appellant's counsel personally. See also *Matter of Penn Central Transport. Co.*, 630 F.2d 183, 189–90 (3d Cir. 1980), conditioning dismissal of the appeal on the appellant's agreeing to pay certain Rule 39 costs of the appellees. Neither case involved attorney's fees.

■ We are unwilling to read into the undefined and unelaborated word "terms" in Rule 42(b) a general power to award attorney's fees to appellees. The award of such fees to a prevailing party is still exceptional in the American legal system; it should not be presumed lightly from general language. And in the context of Rule 42(b) it would be a curiously asymmetrical result: only appellees would ever benefit from it. Statutes providing expressly for the award of attorney's fees frequently are asymmetrical (e.g., Clayton Act, § 4, 15 U.S.C. § 15), but the asymmetry is invariably in favor of prevailing plaintiffs and many prevailing appellees are, of course, defendants.

■ A power to condition dismissal of an appeal on the award of attorney's fees to the appellee would also either duplicate or clash with Rule 38 of the appellate rules. This rule (which is based on and is largely interchangeable with 28 U.S.C. § 1912, see *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 78 F.R.D. 192, 194–95 (E.D.La.1978), except that section 1912 is limited, as Rule 38 is not, to cases where the judgment appealed from is affirmed) provides that "if a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Damages may include the appellee's attorney's fees. *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981). And though the rule is captioned "Damages for Delay," there is no requirement of proving delay if the appeal is shown to be frivolous. *Fluoro Elec. Corp. v. Branford Associates*, 489 F.2d 320, 326 (2d Cir. 1973). The idea is no doubt that if an appeal is frivolous the only possible explanation for it is that it was intended to delay the entry of a final judgment.

A power to condition a Rule 42(b) dismissal on payment of the appellee's attorney's fees which could be exercised only in accordance with the standard of Rule 38 (frivolousness) would be redundant, since

after an appeal is dismissed under Rule 42(b) the appellee can always move for attorney's fees under Rule 38 if he thinks the appeal was frivolous. On the other hand, a power to condition dismissal on payment of attorney's fees which was broader than the power to award fees under Rule 38 would create an inexplicable difference in the standards under the two rules—a difference moreover that would discourage voluntary dismissals. No appellant, unless his appeal was frivolous, would move to dismiss it if he thought that by doing so he was making himself liable to pay the appellee's attorney's fees. His rational course would be to wait for the appellee to move to dismiss. Since the appellee's motion would not be governed by Rule 42(b), which is limited to voluntary dismissals, the appellee could not ask for attorney's fees under it; and if he asked for fees under Rule 38 he would have to show that the appeal was frivolous.

Rule 38, of course, is not the only basis on which appellate attorney's fees can be awarded to a litigant. Apart from specific statutes, such as 28 U.S.C. § 1912 and the Privacy Act itself, of which more later, there is judicial authority for awarding fees when an appeal has been filed in bad faith. See, e.g., *Satoskar v. Indiana Real Estate Comm'n*, 517 F.2d 696, 698 (7th Cir. 1975). An appeal might not be frivolous, yet if the only reason for filing it was to impose legal expenses on the appellee, an award of attorney's fees might well be proper on this ground. All we hold is that Rule 42(b) does not confer on the courts of appeals a *general* power to award an appellee his appellate attorney's fees as a condition of granting the appellant's motion to dismiss the appeal. This moots the government's alternative contention that if there is such a general power it does not extend to cases where the government is the appellant because (the government argues) the language of Rule 42(b) is too general to constitute a waiver of sovereign immunity.

ˋ The plaintiff has another string to her bow. The Privacy Act contains provisions authorizing the award of attorney's fees in various types of suits under the Act, and the plaintiff quotes from one of these provisions, 5 U.S.C. § 552a(g)(4)(B), in an effort to establish an alternative basis for an award of her fees in this court. Other statutory provisions for attorneys' fees have been understood to make both fees on appeal and fees incurred in proving a previous request for fees recoverable in an appropriate case (the plaintiff's motion seeks both), see *Bond v. Stanton*, 630 F.2d 1231 (7th Cir. 1980), and the fee provisions of the Privacy Act apparently are to be interpreted the same way, see *National Treasury Employees Union v. U. S. Dep't of Treasury*, 656 F.2d 848, 850 (D.C.Cir.1981). Presumably our power under Rule 42(b) to fix terms includes the power to require the appellant to comply with a statute that entitles the appellee to attorney's fees. But the district courts, with factfinding capabilities superior to our own, are in a better position to explore the factual issues so frequently raised in statutory fee requests (here, by the government in its response to the plaintiff's motion). So where as in this case the parties cannot agree on the proper amount of attorney's fees to be awarded, we think it generally the better practice to deny the motion for fees but without prejudice to the movant's refiling it in the district court. Cf. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 543 F.2d 1106, 1107 (5th Cir. 1976).

Therefore, we shall grant the government's motion to dismiss but as a condition of granting it we shall exercise our powers under Rule 42(b) to order the government to agree to the reopening of the case in the district court for the limited purpose of determining the plaintiff's statutory right, if any, to a supplemental award of attorney's fees, to cover the fees she incurred in these appellate proceedings.

So Ordered.