693 F.2d 663
 Alfred B. WELLS, for the Use of Ernest T. ROSSIELLO,
Attorney, Plaintiff- Appellee,
v.
INTERNATIONAL GREAT LAKES SHIPPING COMPANY and Martin
Reinsurance Company, Defendants-Appellants.
Clarence SULSBERRY, Plaintiff-Appellant,
v.
INTERNATIONAL GREAT LAKES SHIPPING COMPANY and Martin
Reinsurance Company, Defendants-Appellees.
 Nos. 81-2404, 82-2038.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 23, 1982.
Decided Nov. 18, 1982.
 
 John A. Strobel, Chicago, Ill., defendants-appellants/cross-appellees.
 Ernest T. Rossiello, Chicago, Ill., for plaintiff-appellee/cross-appellant.
 Before BAUER, POSNER and COFFEY, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 We have consolidated two related appeals which raise questions of first impression with regard to the awarding of attorney's fees under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901 et seq. The nominal plaintiffs in the two cases are injured longshoremen who were represented by attorney Ernest Rossiello in administrative actions against their employer and the employer's insurance carrier (the defendants) to obtain benefits under the Act. Rossiello succeeded in getting some benefits for each of the plaintiffs; those benefits have been paid in full; and the plaintiffs have no pecuniary interest in the district court proceedings from which these appeals arise. These proceedings just involve Rossiello's claims for attorney's fees against the defendants.
 
 
 2
 The Act provides that if the employer or carrier denies liability and the claimant obtains a lawyer's services "in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation [to the claimant], in a compensation order, a reasonable attorney's fee against the employer or carrier in the amount approved by the [Department of Labor's] deputy commissioner, [Benefits Review] Board, or court, as the case may be, which shall be paid directly ... to the attorney ... in a lump sum after the compensation order becomes final." 33 U.S.C. Sec. 928(a). After the deputy commissioner awarded benefits to Rossiello's clients, Rossiello applied to the deputy commissioner, for and received, compensation orders awarding him attorney's fees for his efforts before the deputy commissioner on behalf of the plaintiffs. The defendants did not quarrel with the deputy commissioner's awards of benefits to the plaintiffs but did appeal his awards of attorney's fees to the Benefits Review Board, which is the next level in the administrative review hierarchy. Rossiello demanded that the defendants pay him forthwith--before the completion of the Review Board's review or any judicial review thereof--the fees the deputy commissioner had awarded him. He relied on 33 U.S.C. Sec. 921(b)(3), which provides: "The payment of the amounts required by an award shall not be stayed pending final decision in any [Board review] proceeding unless ordered by the Board." The defendants did not seek a stay of the orders awarding attorney's fees to Rossiello.
 
 
 3
 The defendants refused to pay and Rossiello brought these suits (in the names of the plaintiffs) for his fees, relying on 33 U.S.C. Sec. 921(d), which provides that if an employer "fails to comply with a compensation order making an award, that has become final, any beneficiary of such award ... may apply for the enforcement of the order" to a district court. That court ordered the defendants to pay and Rossiello then asked the court for an additional award of fees to compensate him for his time spent in procuring the first order from the court. He relied on 33 U.S.C. Sec. 928(c), which provides: "If any proceedings are had before the Board or any court for review of any action, award, order, or decision, the Board or court may approve an attorney's fee for the work done before it by the attorney for the claimant." This request the district court denied. Rossiello appeals from this denial and the defendants appeal from the order to pay him immediately the fees awarded by the deputy commissioner.
 
 
 4
 The defendants point out that the reasonable attorney's fee to which section 928(a) refers is "in addition to the award of compensation." They argue that this implies that "beneficiary of such award" in section 921(d), the source of the district court's jurisdiction, refers to the claimant and not to his attorney, so that Rossiello lacks standing to sue for an order enforcing the deputy commissioner's fee orders. But if this is right it means that the Longshoremen's and Harbor Workers' Act contains no machinery for judicial enforcement of attorney fee awards even though the Act vests the right to obtain attorney's fees in the lawyer himself rather than, as is more common in attorney fee statutes (e.g., 15 U.S.C. Sec. 15, 42 U.S.C. Sec. 1988), the client. The absence of such machinery for the lawyers would be a curious oversight which we hesitate to impute to the draftsmen.
 
 
 5
 We think the key word in the statute is not "award" but "final." The duty to pay the attorney's fee award "directly" arises only "after the compensation award becomes final," section 928(a), and the right to sue to enforce that duty also arises only when the award "has become final," section 921(d). That an award is not final until the possibilities for review of the award have been exhausted is shown by section 921(a), which states that "a compensation order shall become effective when filed in the office of the deputy commissioner ..., and, unless proceedings for the suspension or setting aside of such orders are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter." (Emphasis added.) The review section referred to, section 921(b), provides for appeal to the Benefits Review Board. By appealing to the Board from the deputy commissioner's award of fees to Rossiello the defendants prevented that award from becoming final.
 
 
 6
 Although section 921(b)(3) does provide that "payment of the amounts required by an award shall not be stayed pending final decision" unless the Board orders a stay, as it did not do here, we do not think this was intended to override section 928(a), which as we have said postpones the employer's obligation to pay attorney's fees till after the compensation order becomes final. That would make a hash of the statute. Section 921(b)(3) must mean that it is the payment of compensation to the injured longshoreman, rather than the payment of attorney's fees to his lawyer, that may not be stayed pending completion of review proceedings unless ordered by the Board. The reason for requiring immediate payment is that an injured workingman is likely to have a desperate need for cash. The traditional liability system for industrial accidents, a system that the Longshoremen's and Harbor Workers' Act displaced for the industries within its scope, was criticized on the ground (among others) that the illiquidity of an injured workingman might force him to settle with his employer for much less than the true value of his claim. See Prosser, Handbook of the Law of Torts 530 (4th ed. 1971). Section 921(b)(3) takes care of this problem. In contrast, lawyers do not have acute problems of liquidity. Mr. Rossiello will not starve if he has to wait to get his money till after the reasonableness of his fee award is finally determined.
 
 
 7
 True, the longer a lawyer has to wait, the less his award of fees is worth in real terms when he finally gets it, and the lower the real fee award the less is the incentive of lawyers to represent claimants. But this concern has less to do with the timing of the award than the amount. When Rossiello next goes before the deputy commissioner for an award of fees he can argue that the fee should be increased to reflect the interest that Rossiello is losing by having to wait months or even years to collect the fee. This kind of argument has been made successfully in other areas where statutes authorize the award of attorney's fees to the prevailing party. See, e.g., Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 117 (3d Cir.1976); Copeland v. Marshall, 641 F.2d 880, 893 (D.C.Cir.1980) (en banc); Vecchione v. Wohlgemuth, 481 F.Supp. 776, 795 (E.D.Pa.1979); but cf. Bonner v. Coughlin, 657 F.2d 931, 937 (7th Cir.1981). We are given no reason why it should not succeed under the Longshoremen's and Harbor Workers' Act. It is not one of the explicit factors mentioned in the regulation that the Department of Labor has promulgated under the Act with respect to fees, see 20 C.F.R. Sec. 702.132, but the regulation is broad enough to encompass it in an appropriate case, and nothing in the statute excludes it from being considered. It is undignified for Mr. Rossiello to liken his cash needs to those of an injured longshoreman and it is unlikely that if Congress had thought about the issue it would have wanted the fees awarded by the deputy commissioner to be sitting in Rossiello's money market fund while review proceedings are going on, only to be paid back to the defendants (minus the interest) should he ultimately lose.
 
 
 8
 As Rossiello was not entitled to the order that he got from the district court, he cannot collect any fees for the time spent, fruitlessly as it now turns out, in procuring that order. Section 928(a) limits the award of attorney's fees to attorneys who prevail. True, this limitation is not repeated in section 928(c), the section on which Rossiello relies for the fees that he seeks for his efforts in the district court. But the first sentence of the section ("In all cases fees for attorneys representing the claimant shall be approved in the manner herein provided") indicates that the purpose of this section is to specify the manner in which fees to which a lawyer is entitled under section 928(a) are awarded; and so far as is relevant here, they are awarded by the court for work in the court. But it has to be for successful work. And it has to be "for the claimant," and in the district court Rossiello was working strictly for himself.
 
 
 9
 Rossiello asked for interest on the attorney's fees that he sought for his work in the district court. Since he was not entitled to such fees this claim is moot.
 
 
 10
 The judgments of the district court are reversed insofar as they enforce the compensation orders in favor of Ernest Rossiello, and are otherwise affirmed. Since Rossiello is the only real party in interest on the losing side of these appeals (as he acknowledged when he moved to consolidate these cases below by stating that the cases "involv[e] the same real parties in interest," i.e., Rossiello and the two defendants), we order him to pay the defendants' costs in this court personally. See Fed.R.App.Pro. 39(a); Cotler v. Inter-County Orthopaedic Ass'n, 530 F.2d 536, 538 (3d Cir.1976); cf. Hafter v. Farkas, 498 F.2d 587, 591 (2d Cir.1974).