**TRUSTEES FOR ALASKA; Village of Kaktovik; Fairbanks Environmental Center; Alaska Center For the Environment; David Benton; and Robert A. Childers, Plaintiffs,**

**v.**

**James G. WATT, Secretary of the Interior; The Assistant Secretary of the Interior for Fish & Wildlife & Parks; The Assistant Secretary of the Interior—Energy & Minerals; The Director of U.S. Fish and Wildlife Service; and The Director of U.S. Geological Survey, Defendants.**

No. A81–264 CIV.

United States District Court,
D. Alaska.

Feb. 8, 1983.

Eric Smith, Trustees for Alaska, Anchorage, Alaska, for plaintiffs.

Cynthia Pickering, Asst. U.S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on plaintiffs' motions for attorney fees on alternative bases. The case involves plaintiffs' successful challenge to the Secretary of Interior's transfer of responsibilities for the Arctic National Wildlife Refuge from the United States Fish and Wildlife Service to the United States Geological Survey. The judgment of this court has been affirmed on appeal. *See Trustees for Alaska v. Watt*, 524 F.Supp. 1303 (D. Alaska 1981), *aff'd.* 690 F.2d 1279 (9th Cir.1982). At this juncture, plaintiffs seek attorney fees based on two provisions of the Equal Access to Justice Act. *See generally* 28 U.S.C. § 2412(b) and (d)(1)(A) (Supp. V 1981).

### I.  28 U.S.C. § 2412(b)

Plaintiffs seek attorney fees based on the common benefit exception to the general rule against an award of attorney fees. *See generally Stevens v. Municipal Court*, 603 F.2d 111, 112–113 (9th Cir.1979). It is clear that the Equal Access to Justice Act allows utilization of this doctrine. 28 U.S.C. § 2412(b) provides as follows:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. *The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law* or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (Supp. V 1981) (emphasis added). *See also* H.Rep. No. 96–1418, 96th Cong., 2d Sess. 17, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4996 ("[C]ases involving the United States would be subject to the 'bad faith', 'common fund' and 'common benefit' exceptions to the American rule against fee-shifting."). The issue for the court at this juncture then, is to determine whether plaintiffs meet the requisites for application of the common benefit exception.

The Ninth Circuit has set forth the criteria giving rise to the common benefit exception as follows:

> The common benefit exception to the general rule against allowance by a court of counsel fees, absent statutory authority, applies where a litigant confers a substantial benefit on an easily identifiable class of persons, where the benefits can be traced with reasonable accuracy, and the costs of litigation can be shifted with some exactitude, to those benefiting.

*Stevens v. Municipal Court*, 603 F.2d at 112. Plaintiffs do not meet this test. They refer to the class benefited as "the citizens of this nation" and "the American public." Previous decisions in this federal circuit indicate that the common benefit exception has no applicability to a class of this size. *See Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1123 (9th Cir.1980) (doctrine inapplicable to class including all the citizenry and all the taxpayers of a state); *Stevens v. Municipal Court*, 603 F.2d at 113 (doctrine inapplicable to class including all citizens of a county). In addition, the court does not perceive a way to shift the costs of litigation with exactitude to the class allegedly benefiting. Based on the foregoing, the court concludes the common benefit exception does not provide a basis for attorney fees in this case.

### II.  28 U.S.C. § 2412(d)(1)(A)

Plaintiffs alternatively seek an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981). This portion of the Equal Access to Justice Act provides as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

*Id.* (emphasis added). Plaintiffs are undoubtedly the prevailing party for the purpose of this provision since this court's judgment has been affirmed on appeal.

The parties raise an issue concerning how the term "position of the United States" should be interpreted for the purpose of 28 U.S.C. § 2412(d)(1)(A). While recognizing that various interpretations exist, this court agrees with the reasoning of the court in *Broad Avenue Laundry and Tailoring v. United States* insofar as it held the term referred to the civil action, *i.e.*, litigation, in which the attorney fees were incurred. 693 F.2d 1387, 1390–91 (Fed.Cir.1982). *See also Alspach v. District Director of Internal Revenue*, 527 F.Supp. 225, 228 (D.Md.1981). *But cf., Nunes-Correia v. Haig*, 543 F.Supp. 812, 816 (D.D.C.1982) (" 'Position' refers to the litigation and the governmental action upon which suit is based.").

The issue whether the United States' position was "substantially justified" precludes plaintiffs from recovering attorney fees under § 2412(d)(1)(A). Initially, the court notes that the burden of proof rests with the Government. *See* H.Rep. No. 96–1418, 96th Cong., 2d Sess. 10–11, 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4984, 4989, 4997. The test for determining whether the Government's action is substantially justified is one of reasonableness. *See id. See also Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d at 1391. In addition, legislative history for the Equal Access to Justice Act reveals that the language "substantially justi-

fied" was adopted from the standard in Fed.R.Civ.P. 37. *See* H.Rep. No. 96–1418, 96th Cong.2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4997; S.Rep. No. 96–253 at 20–21. The Senate Report expressly refers to notes of the Advisory Committee on Civil Rules concerning the rule 37 standard. *See id.* at 21. The notes suggest that courts should focus on whether the discovery dispute is genuine or may be characterized as frivolous. *See* Advisory Committee's Note, 48 F.R.D. 540.

In applying the preceding law, the court holds that the Government met its burden of showing that the United States' position was substantially justified. The Government contends that Secretary Watt reasonably interpreted new legislation in deciding to transfer lead agency responsibilities from the United Fish and Wildlife Service to the United States Geological Survey. While the Secretary was ultimately wrong, the Government's litigation stance can certainly not be characterized as frivolous. Prior to this court's decision, neither the pertinent section of the National Wildlife Refuge Administration Act of 1966, 16 U.S.C. § 668dd(a)(1) (1976), nor the pertinent section of the Alaska National Interest Lands Conservation Act of 1980, 16 U.S.C. § 3142 (Supp. V 1981), had been interpreted by a court. The fact that this court's opinion focused on interpreting legislative terminology in the absence of clear congressional direction also evidences that there was room for a genuine dispute in this case. *See Trustees for Alaska v. Watt,* 524 F.Supp. 25 1308–09. Based on the foregoing considerations, the position of the United States was substantially justified for the purpose of 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981).

Accordingly, IT IS ORDERED:

THAT the motions for attorney fees are denied.