STATE OF ARIZONA, et al., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the DISTRICT OF ARIZONA, Respondent,

and

Kaiser Cement and Gypsum Corporation, et al., Real Parties in Interest.

No. 81–7465.

United States Court of Appeals, Ninth Circuit.

June 23, 1983.

See also, 9 Cir., 673 F.2d 1020.

Josef D. Cooper, Frederick P. Furth, San Francisco, Cal., argued, for petitioners; Kenneth R. Reed, Phoenix, Ariz., Tracy R. Kirkham, Kirk A. McKinney, Cooper, Kirkham, Hainline & McKinney, P.C., Daniel S. Mason, Matthew A. Joseph, San Francisco, Cal., Peter K. Shack, Michael R. Granen, Deputy Attys. Gen., George Deukmejian, Atty. Gen., Robert H. Philibosian, Sanford N. Gruskin, Chief Asst. Attys. Gen., Los Angeles, Cal., on brief.

David Bonderman, Washington, D.C., argued, for respondent; Jacqueline R. Denning, Richard C. Lowery, Washington, D.C., William J. Maledon, Phoenix, Ariz., on brief.

## SUPPLEMENTAL OPINION

Before FERGUSON, NELSON and REINHARDT, Circuit Judges.

PER CURIAM.

This case presents the question whether the real parties in interest in a mandamus proceeding are entitled to an order assessing costs against the petitioners following the denial of the petition for a writ of mandamus. We conclude that costs may be assessed in favor of the actual respondents/real parties in interest.

Petitioners, State of Arizona, et al. (Arizona) sought review of the district judge's order granting the motion of the actual respondents herein, Kaiser Cement and Gypsum Corp., et al. (Kaiser Cement) to recuse himself pursuant to 28 U.S.C. § 455(b)(4) (1976). *In re Cement and Concrete Antitrust Litigation,* 515 F.Supp. 1076 (D.Ariz.1981). Relief was sought in three ways: (1) by appealing pursuant to 28 U.S.C. § 1291; (2) by petitioning for permission to appeal pursuant to 28 U.S.C. § 1292(b); and (3) by petitioning for a writ of mandamus.

The appeal was dismissed for lack of jurisdiction under 28 U.S.C. § 1291 and we denied the petition for permission to appeal. *In re Cement and Antitrust Litigation,* 673 F.2d 1020 (9th Cir.1982). In our opinion we concluded, however, that the petition for a writ of mandamus to direct the district court to vacate its order would be reviewed on the merits. *Id.* at 1022.

The court ordered that Kaiser Cement's opposition to the petition for permission to appeal be treated as its answer to the petition for mandamus, and calendared the petition for oral argument. In a separate order the court granted Kaiser Cement's request to treat its reply brief in support of the motion to dismiss the appeal as part of the answer to the petition for mandamus.

The petition for writ of mandamus was denied. *In re Cement Antitrust Litigation,* 688 F.2d 1297 (9th Cir.1982). Kaiser Cement, considering itself to be the prevailing party on the mandamus petition, applied for the assessment of costs. The deputy clerk of the court awarded costs in the amount of $2,244.60. Arizona moved for reconsideration.

Arizona does not challenge the clerk's computation of costs, nor dispute that in the circumstances of this case, Kaiser Cement, whose recusal motion was granted by the district court, is the prevailing party. The only issue presented is whether costs may be assessed under Fed.R.App.P. 39 in a mandamus proceeding.

■ We are not persuaded that the absence in Rule 39 of a specific provision for the assessment of costs in a mandamus action indicates that costs may not be awarded to the prevailing party. We agree with the Court of Appeals for the Third Circuit. *Cotler v. Inter-County Orthopaedic Ass'n, P.A.,* 530 F.2d 536 (3d Cir.1976). Under the All Writs Act, 28 U.S.C. § 1651, mandamus is an original action at law, and costs may be assessed in favor of the prevailing party

to the same extent as is available in other original actions. *Id.* at 538.

■ We are not persuaded by Arizona's contention that briefs filed in connection with mandamus proceedings, *see* Fed.R. App.P. 21(b), are not "briefs" within the meaning of Rule 39. Where the court orders that documents be treated as appellate briefs, it makes little difference whether the documents were originally prepared as such.

■ In *Cotler,* the successful petitioner filed a brief and appendix in connection with his appeal which, as in this case, was dismissed. The court awarded costs to petitioner in connection with his preparation of these papers to the extent that they addressed matters properly considered on mandamus. Here, Kaiser Cement's opposition to the petition to appeal and its reply in support of its motion to dismiss the appeal were, by court order, treated as the answer on the merits to the mandamus petition. The clerk properly allowed Kaiser Cement its costs of preparing these materials.

■ If an answer is requested, costs may be assessed in favor of the prevailing petitioner or actual respondent, unless the court in its discretion directs otherwise. *See Pfizer Inc. v. Lord,* 456 F.2d 532 (8th Cir.1972).* Of course, if the court dismisses the petition without requiring an answer, costs may not be assessed since the petitioner has not prevailed and the actual respondent has incurred no taxable costs.

The motion for reconsideration is DENIED.

---

* In *Pfizer,* the court denied the actual respondent's request for costs in a "close case." Although the court denied the mandamus petition seeking to direct the district judge to recuse himself, the court noted that some of the judge's remarks had unnecessarily shaken petitioner's confidence in the judge's impartiality.