NOTE: This is a nonprecedential order.

# United States Court of Appeals for the Federal Circuit

---

**IN RE DAVID UPTON,**
*Petitioner.*

---

Miscellaneous Docket No. 955

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in case no. 10-CV-0687, Chief Judge Audrey B. Collins.

---

## ON MOTION

---

Before LOURIE, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

David Upton petitions this court for a writ of mandamus to direct the United States District Court for the Central District of California to reassign to a different judge his petition for a writ of habeas corpus. Upton also seeks other relief. The Department of Justice, stating that it represents the United States District Court for the Central District of California as a respondent, submits a motion to waive the requirements of Fed. Cir. R. 27(f)

and to dismiss David Upton's petition for a writ of mandamus for lack of jurisdiction.* Upton opposes. The Department replies. We consider whether we have jurisdiction over this petition for a writ of mandamus.

Upton filed a petition for writ of habeas corpus in the Central District of California, identifying the warden of the California Institute for Men as the defendant. Subsequently, Upton filed the petition for writ of mandamus in this court, seeking to have a district court judge and a magistrate judge removed from his case for, inter alia, failing to rule on his motion to expedite the proceedings and his motion for summary judgment.

Upton has not shown that this court has jurisdiction over his petition. Under 28 § U.S.C. 1651, this court may only issue writs necessary or appropriate in aid of its jurisdiction. This court's jurisdiction to review district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000 and does not include review of rulings on peti-

---

\* It appears that the actual respondent in this petition should be the Warden of the California Institute for Men, and not the district court. This court did not invite or order the trial court to respond to the petition pursuant to Fed. R. App. P. 21(b). However, the district court or district court judge might be regarded as a nominal respondent in a petition for a writ of mandamus. *See generally Cotler v. Inter-County Orthopaedic Ass'n*, 530 F2d 536 (3d Cir. 1976) (discussing actual respondent and nominal respondent, under previous version of Fed. R. App. P. 21 that expressly treated trial courts and trial court judges as respondents). In any event, because we determine that we lack jurisdiction over this petition, and because we did not direct a response to the petition, we need not address this matter further.

tions for writs of habeas corpus. *See* 28 U.S.C. §§ 1295 (a)(1), (2).

Accordingly,

IT IS ORDERED THAT:

(1) The petition is dismissed for lack of jurisdiction. All sides shall bear their own costs.

(2) All other pending motions are denied as moot.

FOR THE COURT

DEC 0 8 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: David Upton
    Christopher A. Bowen, Esq.
    United States District Court, C.D. Calif., Clerk

s20

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

DEC 0 8 2010

JAN HORBALY
CLERK