**131 Nev., Advance Opinion 12**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM J. BREEDEN; AND BREEDEN & ASSOCIATES, A LEGAL PROFESSIONAL LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
and
ELVIA GONZALEZ,
Real Party in Interest.

No. 66876

FILED

MAR 05 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Motion to voluntarily dismiss an original petition for extraordinary writ relief from a district court order adjudicating attorney liens.

*Motion granted; petition dismissed.*

Breeden & Associates and Adam J. Breeden, Las Vegas,
for Petitioners.

Law Offices of David J. Churchill and David J. Churchill and Jolene J. Manke, Las Vegas,
for Real Party in Interest.

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

Rule 42(b) of the Nevada Rules of Appellate Procedure provides that, "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." We consider whether this rule authorizes the imposition of attorney fees on a party who seeks to voluntarily dismiss a nonfrivolous writ petition after an answer has been filed. We conclude that it does not and thus grant the petitioners' motion to dismiss without requiring, as a condition of the dismissal, payment of the other side's attorney fees.

Attorney Adam J. Breeden and his law firm Breeden & Associates (Breeden) filed a petition in this court for extraordinary writ relief, challenging a district court order adjudicating attorney liens and distributing settlement funds in a personal injury action. The real party in interest, Elvia Gonzalez, is Breeden's former client. As ordered, Gonzalez filed an answer to Breeden's writ petition. Breeden also has a separate contract action underway against Gonzalez and others, seeking to enforce an alleged fee-sharing agreement.

After receiving Gonzalez's answer, Breeden decided it was more prudent to pursue the contract action than writ relief and moved to dismiss the writ petition under NRAP 42(b). Gonzalez opposes the motion. She asks that we resolve the petition on the merits but, if we do not, that we require Breeden to pay her costs and attorney fees.

A lawyer seeking to recover fees may proceed by separate contract action or by lien proceeding, depending on circumstances. For this reason, among others, we decline to perpetuate this undecided writ proceeding if Breeden wishes to abandon it in favor of his currently stayed



contract action. The question remains, though, whether we may condition the dismissal on Breeden repaying Gonzalez for the costs and attorney fees she incurred defending this now-abandoned writ petition.

NRAP 42(b) draws its language from Rule 42(b) of the Federal Rules of Appellate Procedure. Almost without exception, federal courts have rejected the argument that, in allowing voluntary dismissal "on terms . . . fixed by the court," federal Rule 42(b) authorizes an award of attorney fees against the party moving to dismiss. *See, e.g., Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 28 (1st Cir. 1994); *Waldrop v. U.S. Dep't of Air Force*, 688 F.2d 36, 37 (7th Cir. 1982). Like NRAP 38, Rule 38 of the Federal Rules of Appellate Procedure authorizes fee-shifting but limits the authorization to frivolous filings. Normally, courts encourage rather than discourage voluntary, self-determined case resolutions. It does not make sense to penalize a party who voluntarily dismisses a nonfrivolous appeal when, under Rule 38, the same party with the same nonfrivolous appeal would not have to pay the other side's fees if he or she stayed with the appeal to the bitter end. *Waldrop*, 688 F.2d at 38 ("No appellant, unless his appeal was frivolous, would move to dismiss it if he thought that by doing so he was making himself liable to pay the appellee's attorney's fees."). We therefore hold that NRAP 42(b) does not "provide[ ] authority for routine awards of attorney[ ] fees as a condition of voluntary dismissal," but that attorney fees may be awarded under NRAP 38 if an appeal or writ proceeding is frivolous.[1] *Am. Auto. Mfrs. Ass'n*, 31 F.3d at 28; *see In re Vincent*, 105 F.3d

---

[1] *Waldrop* and *American Automobile Manufacturers Ass'n* apply federal Rule 42(b) to appeals, not writ proceedings. While the second sentence of NRAP 42(b) states that "*an appeal* may be dismissed on the
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

943, 945 (4th Cir. 1997) (applying Fed. R. App. P. 38 when considering whether to award attorney fees for a frivolous writ petition); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 751 (3d Cir. 1995) (same). The petition in this case was not frivolous, so we deny Gonzalez's request for attorney fees. NRAP 38(b).

But costs, as distinguished from fees, are "routinely available" when an appellant voluntarily dismisses an appeal. *Am. Auto. Mfrs. Ass'n*, 31 F.3d at 28. In the context of a federal writ petition, an original proceeding, federal courts have awarded costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure. *E.g., Cotler v. Inter-County Orthopaedic Ass'n, P.A.*, 530 F.2d 536, 538 (3d Cir. 1976) (awarding costs to a successful petitioner); *see also Ariz. v. U.S. Dist. Court*, 709 F.2d 521, 523 (9th Cir. 1983) (agreeing with *Cotler* and awarding costs to a real party in interest after dismissing the petition). The Nevada Rules of Civil Procedure, however, do not contain a counterpart to federal Rule 54(d)(1), and NRS Chapter 18, which permits cost awards in Nevada district courts, is not well-suited to awarding costs in an appellate court. Appellate costs are allowable as of right in the context of the voluntary dismissal of an

---

*...continued*
appellant's motion," (emphasis added), the first sentence of NRAP 42(b) refers to the voluntary dismissal of "an appeal or other proceeding," and NRAP 1(e)(1) indicates that "appellant" and "petitioner" are interchangeable in the NRAP where appropriate. For this and the policy reason of not penalizing voluntary dismissals of nonfrivolous petitions or appeals, we apply NRAP 1(e)(1) to the second sentence of NRAP 42(b) and hold that the entirety of NRAP 42(b) governs voluntary dismissals of writ petitions as well as appeals.

appeal or original writ proceeding but only as provided by NRAP 39. NRAP 39(c)(3) requires the party seeking costs to file a bill of costs with this court, which Gonzalez has not done. We therefore deny Gonzalez's countermotion for costs without prejudice to her right to seek allowable costs via a bill of costs under NRAP 39. The motions for leave to file a reply in support of the motion to dismiss and a reply in support of the petition are denied. The clerk of this court shall reject the reply to the petition received via E-Flex on January 29, 2015.

_____, J.
Pickering

We concur:

_____, J.
Saitta

_____, J.
Gibbons