Robert B. McKERSIE, a member of the Board of Directors of P–I–E Nationwide, Inc., et al., Plaintiffs,

v.

IU INTERNATIONAL CORPORATION, a Maryland Corporation, et al., Defendants-Appellees.

Appeal of Dennis RUSSELL, et al.

In the Matter of Dennis RUSSELL, et al., Petitioners.

Nos. 87–1849, 87–1983, 87–2118, 87–2040 and 87–2112.

United States Court of Appeals, Seventh Circuit.

Sept. 16, 1987.

Michael C. Cook, McClullough, Campbell & Lane, Chicago, Ill., Karen S. Jennemann,

Smith and Hulsey, Jacksonville, Fla., Jerold S. Solovy, Jenner and Block, Chicago, Ill., David M. Olasov, Edwards and Angell, New York City, for IU International Corp. Marshall Patner, Law Office of Marshall Patner, P.C., Chicago, Ill., for McKersie.

Stephen W. Pickert, Dempsey & Goldsmith, P.A., Orlando, Fla., James K. Gardner, Neal Gerber & Eisenberg, Chicago, Ill., for Russell.

Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

In a space of little more than six weeks, between May 28 and July 14, 1987, the appellants filed three appeals and two petitions for mandamus in this court. None of these five efforts to obtain appellate review had any conceivable merit and all but one have already been dismissed, denied, or withdrawn; the one still pending must be dismissed for lack of jurisdiction, for reasons explained below. Taken together the flurry of filings demonstrates an abuse of the process of this court and warrants sanctions.

First in the sequence was an appeal from a discovery order. Discovery orders are not appealable and we dismissed the appeal for lack of jurisdiction. Although notified by telephone on June 18 that the appeal had been dismissed, the appellants filed a second (and, as we shall see, duplicative) appeal the next day, before receiving the court's order. Though characterizing the second (as they had the first) appeal as an emergency appeal, the appellants asked us to suspend consideration of that appeal. We then asked them for a memorandum on whether we had jurisdiction.

While this appeal was pending the appellants filed a petition for a writ of mandamus seeking the same relief as in the first two appeals. The petition did not begin to make a case for the extraordinary writ of mandamus—which of course is not to be used to circumvent the statutory limitations on interlocutory appeals—and we denied it. Within days the appellants filed a second petition for mandamus but withdrew it voluntarily shortly afterward when the district judge gave them the relief they had sought by mandamus. Then came another appeal to this court, also withdrawn voluntarily shortly afterward when the district judge gave them what they were seeking by appeal.

The second appeal, the one that is still pending, was filed more than thirty days after the order by the district court that the appeal asks us to reverse, and is therefore beyond our jurisdiction. See Fed.R.App.P. 4(a)(1). The appellants have tried to avoid this result by coupling their untimely appeal with a timely appeal from an order which they say modified the earlier order; it did not. The second appeal (No. 87–1983) is herewith dismissed for lack of jurisdiction.

None of the five appeal/mandamus filings made even a colorable case for action by this court to intervene in the discovery proceedings in this complex litigation; and the fact that two of them were withdrawn does not deprive us of jurisdiction to award sanctions, see *Szabo Food Services, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–79 (7th Cir.1987). No inference is possible other than that the flurry of filings was designed to delay the litigation and harass the appellees; and for such abuse of process, Fed.R.Civ.P. 38 provides an appropriate remedy. We direct the appellees to submit to the clerk of this court, within 15 days, an itemization of the expenses incurred in defending against the appellants' filings in this court. And we warn the appellants that further sanctions will be ordered if they continue to bombard us with nuisance litigation.