Robert C. MARGULIN, Plaintiff,

v.

CHS ACQUISITION CORP. and United Steelworkers of America, Defendants–Appellees.

Appeal of HAROLD E. COLLINS & ASSOCIATES, LTD.

No. 89–1938.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 12, 1989.

Decided Nov. 6, 1989.

---

Harold E. Collins, Michael R. Collins, and Jonathan P. Collins, Chicago, Ill., for Robert C. Margulin, plaintiff and Harold E. Collins & Associates, appellants.

John P. Morrison, Gregory J. Schroedter, Michael J. Abernathy, and Jeffrey A. Blevins, Bell, Boyd & Lloyd, Chicago, Ill., for CHS Acquisition Corp., defendant-appellee.

David Goldman, United Steelworkers of America, Pittsburgh, Pa. and David L. Gore, Kleiman & Whitney, Chicago, Ill., for United Steelworkers of America, defendant-appellee.

Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

After the plaintiff in this employment discrimination suit gave a deposition contradicting the material allegations of his complaint, the district court dismissed the case and imposed sanctions under Fed.R. Civ.P. 11 against the plaintiff and Harold E. Collins, his lawyer. 1989 WL32878, 1989 U.S. Dist. LEXIS 3463 (N.D.Ill.1989). Collins alone appealed. (Technically, his law firm appealed. Collins does not contend that an award against the firm is improper, so we need not consider the question presented by *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452 (2d Cir. 1988), cert. granted under the name *Pavelic & LeFlore v. Marvel Entertainment Group*, — U.S. —, 109 S.Ct. 1116, 103 L.Ed.2d 179 (1989).) Once the case had been fully briefed, Collins filed a motion to dismiss under Fed.R.App.P. 42. This motion states that "Appellant hereby agrees to pay for the costs of the Appellees on this Appeal" but does not represent that the parties agree on what those costs are. Treating this as a routine motion, the Clerk's office entered an order dismissing the appeal. The order does not fix the amount of costs; indeed it does not mention costs. The appellees promptly filed a petition for rehearing, stating that Collins had not consulted them before seeking to dismiss the case and that they do not consent to dismissal unless they receive as part of their costs the attorneys' fees incurred in preparing their brief on the merits.

Rule 42(b) provides:

If the parties to an appeal ... shall sign and file with the clerk of the court of appeals an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and shall pay whatever fees are due, the clerk shall enter the case dismissed,.... An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court.

Thus there are three ways to dismiss the appeal voluntarily: by signed stipulation of the parties, on the appellant's motion if the parties agree about costs, or on the appel-

lant's motion with costs "fixed by the court". Two of these options allow the matter of costs to be resolved amicably before the case ends; the third contemplates judicial determination of costs in the ordinary manner. The motion to dismiss filed in this case did not use either of the first two ways (appellees had not been consulted), and the motion did not seek a judicial determination of the costs due. The Clerk should not have treated this as a routine motion. It was at least potentially adversarial, and the appellees should have been given an opportunity to respond. Motions to dismiss that do not have the assent of both parties are not routine; they require a decision by the motions panel fixing the award of costs.

Accordingly, the petition for rehearing is granted. Appellees ask for an award of attorneys' fees and double costs under Fed. R.App.P. 38, contending that the appeal is frivolous. We could not decide whether the appeal is frivolous without resolving the merits, which we are reluctant to do after the appellant throws in the towel. Still, this does not mean that the appellees must bear the expenses they incurred in preparing and filing the brief. We said in *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 939 (7th Cir.1989) (en banc), that the "party prevailing in the defense of an award of fees under Rule 11 is presumptively entitled to a further award from the district court, so that the appeal makes him no worse off." Accord, *Danik, Inc. v. Hartmarx Corp.*, 875 F.2d 890, 897 (D.C.Cir.1989), cert. granted under the name *Cooter & Gell v. Hartmarx Corp.*, —— U.S. ——, 110 S.Ct. 275, —— L.Ed.2d —— (1989). Appellees ask us, if we do not award sanctions under Rule 38, to remand the case to allow the district court to award additional fees under Rule 11. Although Collins filed a response to the submission, he did not address this request.

Voluntary dismissal of a complaint does not prevent an award of sanctions under Rule 11 for antecedent conduct. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–79 (7th Cir. 1987); accord *Hartmarx Corp.* (the Supreme Court's grant of review includes this issue too). Voluntary dismissal of an appeal is no different; any award appropriate in light of conduct that preceded the dismissal should still be made.

Remand is not necessary in a case of this sort. Final computation of an award of fees frequently depends on events after the date of the order concluding that one side is entitled to be made whole. What "whole" means may depend on subsequent deeds. Mechanical remands would serve no function. Following an order from this court leaving an award under Rule 11 undisturbed, the prevailing party is entitled to petition the district court for a supplemental award without further leave from us. Cf. *Standard Oil Co. of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976); *Page v. United States*, 884 F.2d 300, 301–02 (7th Cir.1989); *Communications Workers v. NLRB*, 784 F.2d 847, 849–50 (7th Cir.1986). Appellees have prevailed in the defense of their award as surely as if this court had decided the case on the merits, and they are therefore "presumptively" entitled to an award by the district court so that they are made no worse off by the appeal.

The motion to dismiss is granted. Costs shall be fixed in the ordinary course without enhancement under Rule 38.