**ORMSBY MOTORS INCORPORATED,**
**Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION,**
**Defendant–Appellee.**

**No. 94–1269.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 24, 1994.

Decided Aug. 3, 1994.

Gerald B. Mullin, William H. Kelly, Jr., Ira M. Levin, Rosenthal & Schanfield, Chicago, IL, Henry J. Close, Connolly, Oliver, Close & Worden, Rockford, IL, for plaintiff-appellant.

Richard C. Godfrey, Douglas C. Gessner, Andrew Baker Bloomer, Kirkland & Ellis, Chicago, IL, Michael J. Basford, General Motors Corp., Detroit, MI, for defendant-appellee.

Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.

POSNER, Chief Judge.

Ormsby Motors, an automotive dealer, brought a diversity suit against General Motors, charging violation of the Illinois Motor Vehicle Franchise Act; moved for a preliminary injunction against GM's terminating its franchise; and appealed from the denial of that motion, 842 F.Supp. 344. After GM filed its brief in answer to Ormsby's opening brief on appeal, Ormsby, rather than filing a reply brief, moved this court to dismiss the appeal pursuant to Fed.R.App.P. 42(b). GM responded, not of course opposing dismissal but asking that we impose sanctions on Ormsby under Rule 38 for taking a frivolous appeal.

Rule 42(b) authorizes the court of appeals to dismiss an appeal upon the request of the appellant, subject to appropriate conditions fixed by the court. The power conferred by this provision does not include a general power of conditioning dismissal on the appellant's reimbursing the appellee for the latter's expense of defending the appeal, for reasons explained in *Waldrop v. United States Dept. of the Air Force*, 688 F.2d 36, 38 (7th Cir.1982). But it does not follow that an appellant can escape the sanctions prescribed by law for the filing of a frivolous appeal by voluntarily dismissing the case when it becomes apparent that he faces such sanctions. This principle has been established in the parallel setting of a plaintiff who voluntarily dismisses his complaint in order to avoid sanctions under Fed.R.Civ.P. 11, see *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–79 (7th Cir.1987), and we have looked to Rule 11 and the cases interpreting it for guidance in the application of Rule 38 of the appellate rules. *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1200 (7th Cir.1987). The appellee who as in this case has been forced to incur the expense of preparing a brief is therefore entitled to seek relief under Rule 38. *McKersie v. IU International Corp.*, 830 F.2d 88 (7th Cir.1987) (per curiam); cf. *Margulin v. CHS Acquisition Corp.*, 889 F.2d 122, 124 (7th Cir.1989); *Holloway v. United States*, 789 F.2d 1372, 1374 (9th Cir.1986).

But only in an exceptional case would we be inclined to grant such relief. We do not want to discourage voluntary dismissals, which save the time not only of appellees but of this court, by a readiness to grant sanctions sought as here on the ground that by the very act of moving to dismiss the case the appellant has acknowledged its frivolousness.

That is the tack GM has taken. It argues that Ormsby decided to abandon the appeal because it was unable to meet the argument in GM's answering brief that the case had been rendered moot by the fact that after the district judge denied the motion for a preliminary injunction GM went ahead and terminated Ormsby's franchise. It is conjecture that Ormsby has abandoned the appeal because it was bowled over by GM's argument concerning mootness. That argument is far from airtight, as suggested by the fact that GM's answering brief contained no request for sanctions. It is Ormsby's action in seeking a voluntary dismissal of the appeal that has provoked the request for sanctions, and it would be bad policy for this court to discourage such dismissals by treating the Rule 42(b) motion as a confession of having taken a frivolous appeal.

GM is behaving like a sore winner. The motion for sanctions is DENIED, and the appeal is DISMISSED pursuant to Rule 42(b), without conditions.