60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald R. GILBERT, Plaintiff-Appellant,
v.
HAMBROSE LEASING LIMITED; Hambrose Leasing-1 Limited
Partnership; Hambrose Leasing-3; Jack Sherwood; Jack
Schwartz; Hambrose Reserve Limited; James Haber; Herman
Finesod; M.J. Holding Corporation; Charterhouse Leasing
Associates Limited Partnership; National Union Insurance
Company of Pittsburgh, Pennsylvania; Robert V. Yeo, JR.; Ron
Finerty, Defendants-Appellees.
 No. 93-2431.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 1
 Before: RYAN and SILER, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Ronald R. Gilbert, an attorney proceeding pro se, appeals two district court orders entered October 12, 1993: the first order vacating a prior judgment by that court which had awarded a default judgment in Gilbert's favor against defendant Hambrose Leasing-1 pursuant to that defendant's motion for relief under Fed. R. Civ. P. 60(b); and the second order denying Gilbert's motion to reinstate his case against Hanbrose Leasing-3 after Gilbert had voluntarily dismissed this party pursuant to Ged. R. Civ. P. 41(a). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Gilbert initially brought this complaint against various parties on the basis of common law fraud and deceit, as well as violations of the RICO Act. Gilbert accused the defendants of fraudulently inducing him to enter into an investment contract that Gilbert now raises involve defendants Hambrose Leasing-3 and Hambrose Leasing-3, the two limited partnerships in question.
 
 
 4
 The record shows that the district court held a hearing on a motion filed by Gilbert for a default judgment against Hambrose Leasing-1, which the district court granted, awarding Gilbert $175,000 against a number of the defendants, including Hambrose Leasing-1. The district court also entered an order granting Gilbert's motion for voluntary dismissal, dismissing Hambrose Leasing-3 under Fed. R. Civ. P. 41(a). On September 1, 1993, Hambrose Leasing-1 moved for relief from this judgment. After holding a hearing on this motion, the district court granted Hambrose Leasing-1 relief pursuant to Fed. R. Civ. P. 60(b), dismissed the case against Hambrose Leasing-1. and also denied Gilbert's motion to reinstate his case against Hambrose Leasing=3.
 
 
 5
 On appeal, Gilbert raises the following issues: 1) whether the district court erred in granting Rule 60(b) relief to Hambrose Leasing-1; 2) whether the court erred in refusing to allow Gilbert to reinstate his case against Hambrose Leasing-3 after allowing Rule 60(b) relief to Hambrose Leasing-1; and 3) whether the defendants filed thier motion for relief within ten days after entry of judgment in order for the district court to consider such motion as timely. Gilbert has filed a motion pursuant to Fed. R. App. P. 27 to strike from the record certain statements made by the defendant's counsel which Gilbert alleges accuse him of being a criminal and to strike from the record certain comments made by Judge Friedman during the October 7, 1993, hearing on the motion for Rule 60(b) relief. Gilbert has also filed a Motion to Dismiss Appeal with Prejudice and Without Costs to All Parties. The defendants have filed a motion for sanctions and costs pursuant to Fed. R. App. P. 38 and 28 U.S.C. Sec. 1927. They allege that Gilbert has filed the present appeal only to "multiply the proceedings unreasonably and vexatiously in order to burden the opposing parties with the costs of the defense of his frivolous actions" that have taken place over the last few years.
 
 
 6
 The district court can grant relief under Fed. R. Civ. P. 60(b)(6) if it finds exceptional circumstances otherwise not addressed by the first five numbered clauses of that Rule. Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir. 1993). This section may be properly invoked in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir. 1990) (emphasis in original). Motions seeking extraordinary relief under Rule 60(b)(6) must be brought within a reasonable amount of time after judgment, which has been interpreted to depend on the factual circumstances of each case. Smith v. Secretary of Health and Human Servs., 776 F.2d 1330, 1333 (6th Cir. 1985). A trial court's discretion to grant relief under this Rule is especially broad given the underlying equity principles involved. McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir. 1991).
 
 
 7
 Upon review, this court concludes that the district court properly granted Hambrose Leasing-1 relief under Rule 60(b), for the reasons stated by that court at the hearing on the defendant's motion. Gilbert produced no evidence to show an interest in Hambrose Leasing-1, and failed to describe in his original complaint any involvement with Hambrose Leasing-1 surrounding the allegedly fraudulent financial transaction. Thus, the district court properly vacated its order of default judgment against that entity.
 
 
 8
 Secondly, the district court properly refused to reinstate Gilbert's complaint against Hambrose Leasing-3. There is no provision in the Federal Rules for reinstatement of a complaint against a party after voluntary dismissal under Fed. R. Civ. P. 41(a). More importantly, the doctrine of res judicata precludes Gilvert from raising his claims against Hambrose-3 in this second action of fraud against that particular partnership. In a prior action, a district court order resolved Gilbert's third-party complaint against Hambrose Leasing-3 based on Gilbert's accusations of fraud and inducement involving the same financial contract now at issue. National Union Fire Ins. Co. of Pittsburgh v. Gilbert, No. 87-74486 (Oct. 7, 1991, E.D. Mich.) (unpublished order). That final prior judgment on the merits now bars Gilbert from claiming fraud against Hambrose Leasing-3, because the judgment was against an identical party on the same cause of action. White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir. 1986); Anchor Motor Freight v. International Bhd. of Teamsters, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 464 U.S. 819 (1983).
 
 
 9
 There is no merit to Gilbert's argument that the defendant's motion for relief from judgment was untimely. Under Fed.R.Civ.P. 60(b), the motion was timely under any of the six provisions provided for under that Rule. The ten day time limit in Rule 59(e) does not apply here. Gilbert's Motion to Dismiss must be denied because Fed.R.Civ.P. 42(a) does not permit a dismissal where the issue of costs is adversarial in nature and the parties do not agree about costs. See Margulin v. CHS Acquisition Corp., 889 F.2d 122, 124 (6th Cir.1989).
 
 
 10
 Lastly, this court concludes that an award of sanctions and costs against Gilbert is warranted under 28 U.S.C. Sec. 1927 and under Fed.R.App.P. 38. Therefore, this court awards the defendants sanctions and costs in the amount of $4,889.75, representing $4,835.75 in legal fees and $54.00 in costs as itemized and verified by the defendants in their Supplemental Memorandum in Support of Motion for Sanctions and Costs.
 
 
 11
 Accordingly, Gilbert's Motion to Dismiss is denied, his motion to strike certain portions of the district court record is denied, the district court's orders granting Hambrose Leasing-1 Rule 60(b) relief and denying Gilbert's motion for reinstatement of his claim against Hambrose Leasing-3 are affirmed, and the defendants' motion for sanctions and costs is granted in the amount set forth in this order.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation