**OVERSEAS COSMOS, INC.,**
**Petitioner–Appellee,**

v.

**NR VESSEL CORP., Respondent–**
**Appellant.**

**Docket No. 98–7142.**

United States Court of Appeals,
Second Circuit.

Submitted May 5, 1998.

Decided May 5, 1998.

Opinion Filed June 18, 1998.

Andrew Berger, New York City (Stecher, Jaglom & Prutzman, of Counsel), for Respondent–Appellant.

Glen T. Oxton, New York City (Healy & Baillie, of Counsel), for Petitioner–Appellee.

Before: FEINBERG, PARKER and PHILLIPS*, Circuit Judges.

FEINBERG, Circuit Judge:

Appellant NR Vessel Corp. (NR Vessel) appealed from an order entered in December 1997 in the United States District Court for the Southern District of New York (Denny Chin, J.). The order confirmed an arbitration award in favor of appellee Overseas Cosmos, Inc. (Overseas) and awarded it costs and post-award interest. In this court, after a pre-argument conference with staff counsel pursuant to the Civil Appeals Management Program, NR Vessel moved to have its appeal dismissed under Rule 42(b) of the Fed-

---

* Hon. J. Dickson Phillips, Jr., United States Circuit Judge for the Fourth Circuit, sitting by designation.

nation.

eral Rules of Appellate Procedure (FRAP). That Rule provides, in relevant part:

> An appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the court.

Appellee Overseas objected to appellant N.R. Vessel's motion. Appellee asked this court to condition dismissal on payment by appellant of $2,500 in attorneys' fees allegedly incurred by appellee in connection with the appeal because, as appellee put it, appellant "knows, and has always known, the appeal is frivolous."

After submission, despite appellee's objection we granted appellant's motion for dismissal. Our decision from the bench required each party to bear its own costs and attorneys' fees. We also stated that an opinion would follow, because this court has apparently not specifically addressed in a published opinion the issue whether attorneys' fees may be awarded under Rule 42(b) to an appellee where an appellant has sought to withdraw the appeal. This opinion fulfills our earlier commitment.

We agree with the Seventh Circuit, which held in *Ormsby Motors Inc. v. General Motors Corp.*, 32 F.3d 240 (7th Cir.1994), that Rule 42(b) "does not include a general power of conditioning dismissal on the appellant's reimbursing the appellee for the latter's expense of defending the appeal ...." *Id.* at 241. See also, *American Auto. Mfrs. Assoc. v. Commissioner, Mass. Dep't of Envtl. Protection*, 31 F.3d 18, 28 (1st Cir. 1994) (denying appellees' motion for attorneys' fees, noting that Rule 42(b) does not authorize a routine award of fees as a condition of voluntary dismissal).

This construction of Rule 42(b) makes eminent good sense. As the Seventh Circuit earlier pointed out, "[t]he award of such fees to a prevailing party is still exceptional in the American legal system; it should not be pre-

sumed lightly from general language." *Waldrop v. United States Dep't of Air Force*, 688 F.2d 36, 37 (7th Cir.1982). Moreover, a contrary interpretation "would also either duplicate or clash with FRAP 38,"[1] *Id.*, Appellant has made no motion under that Rule. Moreover, the allegations that the appeal is frivolous are conclusory in nature. Under the circumstances, we certainly "do not want to discourage voluntary dismissals, which save the time not only of appellees but also of this court, by a readiness to grant sanctions," *Ormsby Motors*, 32 F.3d at 241, under a Rule that has not been relied on or even called to our attention by appellee.

Accordingly, we granted appellant's motion to dismiss under Rule 42(b) and refused to condition dismissal on the payment of attorneys' fees sought by appellee under the same Rule.[2]

---

1. Rule 38 provides:
   If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

2. At the time we granted appellant's motion we expressed no view—nor do we now—on a motion already filed by Overseas in the district court (and apparently still pending) for sanctions under Rule 11 of the Federal Rules of Civil Procedure.