[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11576
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-81434-CV-CMA,
BKCY No. 03-32158-BKC-PG

In Re:  JAMES F. WALKER,

                                                                    Debtor.

_____

JAMES F. WALKER,
GARY J. ROTELLA,
GARY J. ROTELLA & ASSOCIATES, PA,

                                                            Plaintiffs-Appellants,

versus

LINDA J. WALDEN,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before DUBINA, Chief Judge, and BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellants ask this court to reverse the district court's determination that their motion to tax costs and fees made more than eighteen months after the final judgment is untimely. During the pendency of this appeal, Appellee moved for sanctions under Fed. R. App. P. 38, and Appellants moved to voluntarily dismiss the appeal under Fed. R. App. P. 42(b) in response. We consider the motion for sanctions first, before granting the motion to dismiss, and sanction Appellants for their frivolous appeal.

## I. BACKGROUND

Appellants James Walker, Gary Rotella, and Rotella & Associates, P.A. appeal the district court's order affirming dismissal of their motion to tax costs in the underlying bankruptcy dispute. Appellee Linda Walden is the former trustee of debtor Walker's estate. The bankruptcy court removed her from this position on December 1, 2004, citing her fraudulently concealed relationships with creditors of

the estate. (Bankr. R. 650 at 28.) The district court, (Bankr. R. 1331), and this court affirmed. *In re Walker*, 515 F.3d 1204 (11th Cir. 2008).

On June 19, 2006, more than eighteen months after the removal order, Appellants filed a motion to tax attorney's fees and costs to Appellee stemming from their earlier litigation in the bankruptcy court. (Bankr. R. 1593.) The bankruptcy court dismissed the motion as untimely, (Bankr. R. 2132 at 3), citing the twenty-day window for filing such claims under local rule. *See* Bankr. S.D. Fla. R. 7054-1(F). The district court affirmed. (R. 23.)

Appellants timely appealed the district court's order to this court. During the pendency of the appeal, Appellee moved under Fed. R. App. P. 38 for her costs incurred because of the frivolous appeal. Appellants responded eight days later, moving to voluntarily dismiss their appeal under Fed. R. App. P. 42(b). A condition of Appellants' motion, however, was that each party would bear his own costs of this appeal. These motions have been carried with the underlying appeal.

## II. DISCUSSION

After reviewing the record and briefs from the underlying appeal as well as the motions now before us, we will consider the Rule 38 motion for sanctions despite a pending Rule 42(b) motion to dismiss because the motion to dismiss was filed in response to the motion for sanctions. Additionally, we conclude that

3

sanctions are appropriate in this case because of the frivolous nature of this appeal.

Accordingly, we grant both the motion for sanctions and the motion to dismiss.

A.

First, we conclude that it is appropriate for an appellate court to consider a motion for sanctions over a pending motion to voluntarily dismiss the appeal when the motion to dismiss is filed in response to the motion for sanctions. We are aware of the policy implications of decisions to withhold or award sanctions after an appellant has moved to voluntarily dismiss his appeal. *See Ormsby Motors Inc. v. Gen. Motors Corp.*, 32 F.3d 240, 241 (7th Cir. 1994) (noting that appellate courts "do not want to discourage voluntary dismissals"). But when a litigant moves to dismiss an appeal only after a motion for sanctions has been filed, sanctions might be warranted. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98, 110 S. Ct. 2447, 2457 (1990) (holding that sanctions under Fed. R. Civ. P. 11 may be awarded after a voluntary dismissal under Fed. R. Civ. P. 41).

In this case, Appellants filed their motion to voluntarily dismiss the appeal eight days after Appellee filed her motion for sanctions. In their motion to dismiss, Appellants acknowledge the pending sanctions motion. The record clearly demonstrates that Appellants' motion to dismiss was filed in response to the motion for sanctions. We cannot condone the use of Rule 42(b) as a tool to avoid the

4

adjudication of a pending Rule 38 motion.

B.

Moving to the propriety of sanctions in this case, "we must decide whether the appeal is in fact frivolous" before we "determine whether sanctions are appropriate in this case." *Perry v. Pogemiller*, 16 F.3d 138, 139 (7th Cir. 1993). In the bankruptcy court, the district court, and now before this court, Appellants contend that their motion to tax costs against Appellee was not untimely for three reasons: (1) the local rule requiring filing within twenty days of judgment conflicts with the bankruptcy code and is invalid; (2) the motion to tax was actually a motion for sanctions under the bankruptcy court's inherent power, and thus not subject to the local rule; and (3) the bankruptcy court's reservation of jurisdiction to award fees in the underlying trustee removal action tolled the time limitation for filing the motion.

All of these arguments were rightly rejected by the bankruptcy and district courts. We have repeatedly upheld local rules establishing time limits on filing petitions for attorney's fees. *See, e.g.*, *Quick v. Peoples Bank of Cullman County*, 993 F.2d 793, 799 (11th Cir. 1993). Moreover, "this circuit gives great deference to a district court's interpretation of its local rules" and we agree with the district court's determination that Appellants' "Motion to Tax" fell within the ambit of the

5

local rule. *See Clark v. Hous. Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992). Finally, a bankruptcy or district court's reservation of jurisdiction to award attorney fees and costs, without more, does not toll timely filing standards. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990).

When the district court opinion correctly clarifies the meritless nature of a litigant's position, sanctions are sometimes appropriate. *See King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986). The Appellants in this case have had the benefit of two rulings in the bankruptcy and district courts that have correctly rejected their position. They have persisted to this court for a third attempt. After reviewing the record, most significantly the Appellants' briefs regarding their motion to tax in the bankruptcy and district courts, we conclude that this appeal is frivolous and merits sanctions. The arguments that Appellants advance in this appeal are essentially unchanged from their initial appearance in this case.

### III. CONCLUSION

This is not the first case to reach this court from the underlying bankruptcy litigation. We hope that it will be the last. We sanction Appellants[1] by awarding attorney's fees to opposing counsel and taxing double costs against Appellants for

---

[1]Appellant James Walker is nominally listed as a party to this appeal, though his motion for joinder to the underlying action was denied as moot by the bankruptcy court. With Walker's actual participation in this appeal unclear, we leave it to the district court to determine his participation in the contribution of attorney fees and costs.

this appeal.

Appellee's motion for sanctions pursuant to Fed. R. App. P. 38 is GRANTED. Appellants' motion to dismiss their appeal voluntarily pursuant to Fed. R. App. P. 42(b) is GRANTED. Appellee's motion to dismiss this appeal as frivolous pursuant to 11th Cir. R. 42-4, as construed from her response in opposition to Appellants' motion for voluntary dismissal, is DENIED AS MOOT. We REMAND this case to the district court to determine the amount of attorney's fees to be awarded and the contribution of each Appellant.