10-1366-cv
Joseph v. HDMJ Restaurant, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of May, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges,*
> BARBARA S. JONES,
> > *District Judge.*[*]

---

GERMELIA JOSEPH,

> *Plaintiff-Appellee*,

> v.                                               No.  10-1366-cv

GEORGE ATHANASOPOULOS, GUS ATHANASOPOULOS,
PETER ATHANASOPOULOS,

> *Defendants,*

HDMJ RESTAURANT, INC.,

> *Defendant-Appellant*.

---

---

> [*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellee:             STEPHEN N. PREZIOSI, Garden City, N.Y.

For Defendants-Appellees:         DAVID S. FEATHER, Garden City, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this Court's January 9, 2012 Order denying the motion of Defendant-Appellant to withdraw the appeal is **VACATED**, the motion is **GRANTED**, the appeal is **DISMISSED**, and the judgment is **REMANDED** to the district court for further proceedings.

Defendant-Appellant HDMJ Restaurant, Inc. ("HDMJ") sought interlocutory appeal of an order of the United States District Court for the Eastern District of New York (Seybert, *J.*) insofar as that order denied HDMJ's motion to dismiss the claims of Plaintiff-Appellee Germelia Joseph under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* We presume the parties' familiarity with the factual background underlying this case, the proceedings below, and the issues on appeal.

Concluding that our disposition on appeal turned dispositively on a significant and unresolved issue of New York state law, on August 5, 2011, we certified the following question to the New York Court of Appeals:

> When a plaintiff brings a discrimination claim before the New York State Division of Human Rights ("DHR") and commences an untimely Article 78 proceeding challenging the DHR's adverse determination of that claim, does the state court's dismissal of the Article 78 proceeding pursuant to the time limitations set forth in N.Y. Exec. Law § 298 amount to an adjudication "on the merits" for *res judicata* purposes, such that the plaintiff cannot litigate her claim in another jurisdiction with a longer, unexpired limitations period?

2

*Joseph v. HDMJ Restaurant, Inc.*, 648 F.3d 58, 68 (2d Cir. 2011) ("Certification Opinion"). We further ordered that "HDMJ shall bear all fees and costs that may be imposed by the New York Court of Appeals in connection with this certification." *Id.* On September 15, 2011, the New York Court of Appeals accepted the certified question.

On December 23, 2011, HDMJ filed a motion in this Court seeking to withdraw its appeal. In support of the motion to withdraw, HDMJ's counsel submitted an affirmation in which he represented that "Appellant has no resources to continue to fund this appeal, and does not wish to pursue it any further." Affirmation of David S. Feather, dated December 23, 2011, Dkt No. 43, ¶ 21. Joseph opposed the motion, arguing that our dismissal of the appeal would be contrary to "the interests of judicial economy," and alleging "upon information and belief" that, in an effort to evade liability in connection with the instant case, HDMJ's officers "now run the same company with the same assets under a different corporate name." Affirmation of Stephen N. Preziosi, dated December 30, 2011, Dkt No. 52, ¶¶ 10, 17. We denied the motion, noting that the "appeal ha[s] been certified to the New York Court of Appeals" and directing the Clerk of the Court to "transmit a copy of th[e] order to the New York Court of Appeals so that it is aware of the Appellant's motion and our disposition and may take such further action as it deems appropriate." *Joseph v. HDMJ Restaurant, Inc.*, No. 10-1366-cv, slip op. at 1-2 (2d Cir. Jan. 9, 2012). In response, by Order dated March 29, 2012, the New York Court of Appeals, understandably, concluded that "[i]n light of appellant HDMJ's unwillingness to participate in this court on the certified question or to further prosecute the appeal in the Second Circuit . . . any further consideration of this matter by this Court is not warranted." *Joseph v. HDMJ Restaurant, Inc.*, No. 2012-158, slip op. at 2 (N.Y. March 29, 2012).

Under Rule 42 of the Federal Rules of Appellate Procedure, "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b). Here, our initial denial of HDMJ's motion to withdraw the appeal was premised on the unique context in which it arose. In particular, at the time we first considered the motion, the New York Court of Appeals had, by accepting the certified question, agreed to resolve the "significant and outcome-determinative" question of New York law raised by this appeal. *Joseph*, 648 F.3d at 68. Accordingly, we concluded that to grant the motion to withdraw the appeal while the certified question remained pending before the New York Court of Appeals would be inconsistent with the same "principles of comity and federalism" that underlay our decision to certify the question to that Court, *Sealed v. Sealed*, 332 F.3d 51, 59 (2d Cir. 2003).

The New York Court of Appeals has now declined certification, thereby removing the premise of our initial denial of HDMJ's motion to withdraw the appeal. As such, we reconsider the motion, and, having done so, grant it, and dismiss the appeal. This dismissal is without prejudice, and without the award of costs. *See Overseas Cosmos, Inc. v. NR Vessel Corp.*, 148 F.3d 51, 52 (2d Cir. 1998) ("Rule 42(b) does not include a general power of conditioning dismissal on the appellant's reimbursing the appellee for the latter's expense of defending the appeal . . . .") (internal quotation marks omitted). In addition, this dismissal in no way reflects a change in our disposition with regard to the certified question, which we continue to consider unresolved under New York law. Finally, insofar as Joseph disputes the factual representations contained in the December 23, 2011 Affirmation of HDMJ's counsel, the district court is better situated to resolve such factual disputes and, if appropriate, will have the opportunity to do so on remand.

4

For the foregoing reasons, HDMJ's motion to withdraw the appeal is **GRANTED**, the appeal is **DISMISSED** without prejudice, and the judgment is **REMANDED** to the district court for further proceedings.

<div style="margin-left: 45%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>