Opinion by JUDGE J. JONES
¶ 1 Attorney William D. Bontrager appeals the district court's order assessing monetary sanctions against him for filing and litigating frivolous and groundless claims. We affirm and remand for a determination of appellee BP America Production Company's (BP) reasonable attorney fees incurred on appeal.
I. Background
¶ 2 Mr. Bontrager brought claims against BP on behalf of the Rose L. Watson Revocable Trust (Trust). The Trust alleged that BP had failed to explore and develop certain natural gas formations pursuant to its lease of the Trust's property.[1]
¶ 3 About sixteen months after the Trust filed suit, BP moved for summary judgment. As of that date, the Trust had not conducted any discovery and had not set the case for trial. The Trust did not respond to BP's motion: Mr. Bontrager said that the Trust "is choosing not to respond to BP's Motion itself, nor [sic] submit affidavits in direct opposition to the Motion ." (Italics in original.) Instead, Mr. Bontrager sought leave to conduct extensive discovery. He did not, however, submit an affidavit pursuant to *509 C.R.C.P. 56(f) requesting additional time to respond to BP's motion after completing discovery.[2]
¶ 4 The district court granted BP's motion. In its written order, the court expressed doubt whether Mr. Bontrager had conducted an adequate investigation before filing suit (citing C.R.C.P. 11(a) ) and found that the Trust's complaint was frivolous and groundless, entitling BP to an award of attorney fees and costs under sections 13-17-101 to - 106, C.R.S.2013.
¶ 5 The Trust filed a motion under C.R.C.P. 59 (and a belated C.R.C.P. 56(f) affidavit by Mr. Bontrager). The court denied the motion.
¶ 6 The Trust appealed. A division of this court affirmed the summary judgment. Rose L. Watson Revocable Trust v. BP Am. Prod. Co., 2012 WL 6053102 (Colo.App. No. 12CA0414, Dec. 6, 2012) (not published pursuant to C.A.R. 35(f) ) (cert. denied Oct. 7, 2013). The division determined that the appeal was frivolous both as filed and as argued and remanded the case to the district court for a determination of BP's reasonable attorney fees incurred on appeal. The division did not address the Trust's contention that the district court had erred in awarding attorney fees because the district court had not yet determined the amount of fees to which BP was entitled.
¶ 7 While the appeal of the merits of the district court's summary judgment was pending, the parties litigated BP's claim for attorney fees. Mr. Bontrager continued to argue that the Trust's claims were not frivolous and groundless; he did not contest the reasonableness of the amount sought by BP.
¶ 8 Following a hearing, the district court issued a thorough written order explaining in further detail why BP was entitled to an award of fees and costs pursuant to both C.R.C.P. 11 and section 13-17-102. The court awarded $162,697 in fees to BP, and ordered Mr. Bontrager to pay seventy-five percent of that sum. Mr. Bontrager appeals from that order; the Trust does not appeal.
II. Mr. Bontrager's Motion to Dismiss the Appeal
¶ 9 Mr. Bontrager filed the notice of appeal on April 10, 2013. He filed his opening brief on June 22, 2013; BP filed its answer brief on July 29, 2013; and Mr. Bontrager filed his reply brief on August 19, 2013.
¶ 10 On December 1, 2013, Mr. Bontrager filed a one-sentence motion to voluntarily dismiss his appeal. The motion did not say why he wished to dismiss his appeal, indicate whether he had conferred with BP's counsel, or identify the authority pursuant to which he sought dismissal.
¶ 11 BP opposed Mr. Bontrager's motion, arguing that pursuant to C.A.R. 42(b), which governs voluntary dismissals of appeals, the appeal should be dismissed only on condition that Mr. Bontrager pay BP's appellate attorney fees. BP noted that Mr. Bontrager had not moved to dismiss his appeal until after it had incurred substantial attorney fees, and that it had argued in its answer brief that Mr. Bontrager's arguments were frivolous as filed and as argued.
¶ 12 We ordered Mr. Bontrager to reply to BP's opposition. In his reply, Mr. Bontrager said that he was moving to dismiss his appeal because (1) substantial attorney fees had been awarded against him in other similar cases; and (2) owing to decisions of this court and denials of certiorari review in the other similar cases, he had "lost all hope" that his arguments would be resolved on the merits. He also reasserted the substance of the arguments he has made in this case and the other similar cases, apparently in an effort to convince us that his arguments have merit. He did not agree to pay BP's attorney fees.
¶ 13 C.A.R. 42(b) provides:
If the parties to an appeal or other proceeding sign and file with the clerk of the appellate court an agreement that the proceeding be dismissed, specifying the terms as to payment of costs, and pay whatever fees are due, the clerk shall dismiss the appeal, but no mandate or other process shall issue without an order of the court. An appeal may be dismissed on motion of *510 the appellant upon such terms as may be agreed upon by the parties or fixed by the court.
¶ 14 Because the parties have not agreed to the terms of dismissal, whether to allow dismissal, and, if so, on what terms, are matters within our discretion. See Albers v. Eli Lilly & Co., 354 F.3d 644, 646 (7th Cir.2004) ; Am. Auto. Mfrs. Ass'n v. Comm'r, 31 F.3d 18, 22-23 (1st Cir.1994) ; Shellman v. U.S. Lines, Inc., 528 F.2d 675, 678 (9th Cir.1975).[3] There is a presumption favoring dismissal, but dismissal is not automatic. Albers, 354 F.3d at 646 ; Am. Auto. Mfrs., 31 F.3d at 22. We may deny a motion to voluntarily dismiss an appeal in the interest of justice or fairness. Am. Auto. Mfrs., 31 F.3d at 22 ; Shellman, 528 F.2d at 678.
¶ 15 Having considered the parties' filings and the applicable law, we exercise our discretion to deny Mr. Bontrager's motion.
¶ 16 An appellant cannot "escape the sanctions prescribed by law for the filing of a frivolous appeal by voluntarily dismissing the case when it becomes apparent that he faces such sanctions." Ormsby Motors Inc. v. Gen. Motors Corp., 32 F.3d 240, 241 (7th Cir.1994) ; see also Shellman, 528 F.2d at 678 ("[A]ppellant will not be allowed to abandon its appeal if such would result in financial loss to the appellee."). And dismissal may also be denied where there has been substantial investment of resources and dismissal is sought for some strategic reason. Albers, 354 F.3d at 646 ; see also Am. Auto. Mfrs., 31 F.3d at 23.
¶ 17 As discussed below, the appeal is frivolous. In light of previous decisions, Mr. Bontrager had reason to believe that we would so conclude when he moved to dismiss. Further, BP and the court have devoted substantial resources to this case. Indeed, a draft of this opinion was circulated among the members of the division before Mr. Bontrager filed his motion. Under these circumstances, we believe the interests of justice and fairness would not be served by dismissal of the appeal. Therefore, we deny Mr. Bontrager's motion and decide the case on the merits.
III. Discussion
¶ 18 Before turning to Mr. Bontrager's arguments, we observe that, as alluded to above, he has represented parties in other cases asserting claims essentially identical to those he asserted on the Trust's behalf in this case. In each of those cases, the claims were dismissed and the district courts and divisions of this court, or both, have determined that the claims and arguments pertaining thereto were frivolous. See Keith Family Ltd. P'ship v. BP Am. Prod. Co., 2013 WL 1245564 (Colo.App. No. 12CA1410, Mar. 28, 2013) (not published pursuant to C.A.R. 35(f) ) (cert. denied Nov. 18, 2013); Cugnini v. BP Am. Prod. Co., 2012 WL 5688068 (Colo.App. No. 12CA0598, Nov. 15, 2012) (not published pursuant to C.A.R. 35(f) ) (cert. denied Oct. 7, 2013); Adams v. Red Mesa Holdings/O & G, LLC, 2010 WL 2321663 (Colo.App. No. 09CA2159, June 10, 2010) (not published pursuant to C.A.R. 35(f) ) (cert. denied Nov. 30, 2010). In this appeal, Mr. Bontrager asserts some of the same contentions previously determined to be frivolous in those cases.[4]
¶ 19 We turn now to Mr. Bontrager's contentions.
A. Alleged Procedural Errors
¶ 20 Mr. Bontrager contends that the district court erred in two ways in determining in the summary judgment order that the Trust's claims were frivolous and groundless. First, he contends that the court could not make such a finding in the absence of a motion under section 13-17-102(4). Second, he contends that the court's findings to support *511 its conclusion were insufficient under section 13-17-103(1). These contentions fail.
¶ 21 BP requested an award of fees pursuant to section 13-17-102 in its motion for summary judgment. Thus, there was a motion for fees.[5] As noted, Mr. Bontrager declined to respond to that motion.
¶ 22 Any deficiency in the court's initial findings was cured by the court's order awarding BP fees. Mr. Bontrager argued extensively, both in written filings and at the attorney fees hearing, that BP was not entitled to fees because the Trust's claims were not frivolous and groundless. The court's order following the hearing includes detailed findings as to why the Trust's claims, and the continued litigation of those claims, were frivolous, notwithstanding Mr. Bontrager's arguments.
¶ 23 To the extent Mr. Bontrager objects to the court's rulings on motions he filed after the summary judgment order, we perceive no abuse of discretion. Those motions were belated attempts to conduct discovery and otherwise litigate the claims on which the court had already entered summary judgment. Mr. Bontrager has not shown that his ability to litigate the attorney fees issue was adversely affected.[6]
B. Frivolousness
¶ 24 Mr. Bontrager contends that the district court erred in its various determinations as to why the Trust's claims were asserted in violation of C.R.C.P. 11 and were frivolous and groundless. His arguments, which pertain to the alleged merit of the claims, largely repeat those which other divisions of this court have found to be frivolous. See Keith Family Ltd. P'ship, (Colo.App. No. 12CA1410, Mar. 28, 2013) ; Cugnini, (Colo.App. No. 12CA0598, Nov. 15, 2012). We agree with those divisions and see no need to repeat their analyses. To the extent Mr. Bontrager challenges findings unique to this case (i.e., concerning the "injury to water" claim and estoppel), we perceive no abuse of discretion in the district court's findings. See Hamon Contractors, Inc. v. Carter & Burgess, Inc., 229 P.3d 282, 299 (Colo.App.2009) (the determination whether a party's claims are substantially frivolous, substantially groundless, or substantially vexatious is within the district court's discretion); US Fax Law Ctr., Inc. v. Henry Schein, Inc., 205 P.3d 512, 515 (Colo.App.2009) (appellate court reviews a district court's award of attorney fees for an abuse of discretion); Brown v. Faatz, 197 P.3d 245, 253 (Colo.App.2008) (abuse of discretion standard applies to determinations under both C.R.C.P. 11 and section 13-17-102).
IV. Attorney Fees on Appeal
¶ 25 BP requests an award of its attorney fees incurred on appeal pursuant to C.A.R. 38(d). We grant its request. Mr. Bontrager's appeal is both frivolous as filed and frivolous as argued. See Keith Family Ltd. P'ship, (Colo.App. No. 12CA1410, Mar. 28, 2013) ; Cugnini, (Colo.App. No. 12CA0598, Nov. 15, 2012). It is one thing to diligently represent a client's interests. But it is another to present frivolous claims and arguments on behalf of a client. And it is still quite another to continue to assert frivolous arguments even after courts have repeatedly declared that those arguments are frivolous.
¶ 26 We exercise our discretion under C.A.R. 39.5 to remand the case to the district court for a determination of BP's reasonable attorney fees incurred on appeal.
¶ 27 The order is affirmed and the case is remanded to the district court for a determination of BP's reasonable appellate attorney fees.
JUDGE FOX and JUDGE NAVARRO concur.

The Trust initially asserted a number of undifferentiated claims. It later amended its complaint to more explicitly identify its claims. The court dismissed some of those claims on BP's motion. The Trust then moved to dismiss all of its remaining claims with prejudice, except for its claim that BP had breached the implied covenant of the lease to act as a prudent operator (by failing to timely explore and develop particular formations). The court granted that motion, and the Trust filed a second amended complaint asserting only that one claim.

Mr. Bontrager also argued that a response to BP's motion was not required because BP had allegedly not provided an expert disclosure as required by C.R.C.P. 26(a)(2).

There is no Colorado case law interpreting C.A.R. 42(b), so we may look to federal authorities interpreting the substantially identical federal rule for guidance. See Benton v. Adams, 56 P.3d 81, 86 (Colo.2002) ; Just In Case Bus. Lighthouse, LLC v. Murray, 2013 COA 112, ¶ 40, 383 P.3d 1, 2013 WL 3778184.

Contrary to Mr. Bontrager's assertion in his reply in support of his motion to dismiss the appeal, district courts and divisions of this court have thoroughly addressed the merits of his arguments on several occasions.

We also observe that section 13-17-102(4) expressly allows a court to award fees on its own motion; a motion by a party is not required.

Mr. Bontrager's argument that the court unduly restricted his cross-examination of an attorney witness at the attorney fees hearing fares no better. That attempted cross-examination was merely an attempt to relitigate the motion for summary judgment.