**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13266
_____

In re: THE RENCO GROUP INC. AND THE DOE RUN
RESOURCES CORPORATION.

_____

THE RENCO GROUP INC. AND THE DOE RUN RESOURCES
CORPORATION,

*Appellee,*

*versus*

NAPOLI SHKOLNIK PLLC,
HALPERN SANTOS & PINKERT, PA,

*Intervenor Plaintiffs-Appellants,*

VICTOR CAREAGA,

*Respondent,*

RODRIGUEZ TRAMONT & NUNEZ, PA,

*Intervenor-Appellant.*

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21115-JAL

————————————

Before MARCUS and WILSON, Circuit Judges, and JONES,* District Judge.

PER CURIAM:

In this matter, Intervenor-Appellant Rodriguez-Napoli moves to voluntarily dismiss its appeal from an adverse judgment in the underlying 28 U.S.C. § 1782 proceeding. With no objection from any party -- most notably, none from Appellee -- the motion is granted pursuant to Federal Rule of Appellate Procedure 42(b)(2), and Rodriguez-Napoli's appeal is dismissed.

This matter is before the Court on appeal from the United States District Court for the Southern District of Florida. There, Appellee, Renco Group, Inc. and its subsidiary, Doe Run Resources Corporation, filed an *ex parte* application pursuant to 28 U.S.C. § 1782, seeking an order to take discovery from Victor Careaga, a former attorney and paralegal. Appellee sought the discovery for use in an ongoing criminal investigation in the Republic of Peru.

Prior to the filing of the underlying § 1782 application, Mr. Careaga was employed by three law firms, including Halpern,

_____

* Honorable Steve C. Jones, United States District Judge for the Northern District of Georgia, sitting by designation.

LLC, and jointly, Rodriguez Tramont & Nuñez, P.A. and Napoli Shkolnik, PLLC ("Rodriguez-Napoli"). In the course of his employment with the law firms, Mr. Careaga recruited Peruvian clients to participate in mass tort cases being litigated against Appellee in the United States District Court for the Eastern District of Missouri. The law firms moved to intervene in the underlying § 1782 matter in the Southern District of Florida to assert work product protections and attorney-client privilege over the materials Appellee sought to obtain from Mr. Careaga.

The district court permitted Rodriguez-Napoli to intervene to assert work product protections and permitted Halpern to intervene to assert both work product protections and attorney-client privilege. Following extensive briefing, the district court rejected the law firms' motions for protective orders, finding their assertions of work product protection and attorney-client privilege insufficient. The law firms timely appealed the matter to this Court.

During appellate proceedings, however, it became apparent through multiple motions and representations made at oral argument that Intervenor-Appellant Rodriguez-Napoli no longer seeks to pursue its appeal. Among other things, Rodriguez-Napoli did not oppose Appellee's motion to continue oral argument and consented to Appellee's motion to waive oral argument, both of which we denied. Rodriguez-Napoli also consented to a stipulation with Appellee seeking to voluntarily dismiss the underlying § 1782 matter in the Southern District of Florida, which the district court denied for lack of jurisdiction. Finally, on the eve of oral argument,

4                    Opinion of the Court                    24-13266

Rodriguez-Napoli filed a suggestion of mootness, representing that Appellee has committed to the destruction of all documents relating to Rodriguez-Napoli.  This filing represented that Rodriguez-Napoli has concluded that we can no longer grant any relief beyond that already agreed upon.[1]

During the course of oral argument, Rodriguez-Napoli moved *ore tenus* for voluntary dismissal of its appeal under Federal Rule of Appellate Procedure 42(b)(2), which states: "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."  FED. R. APP. PRO. 42(b)(2).  Under this Circuit's Local Rules, where an appeal has been assigned to a panel for a decision on the merits, such a motion is referred to that panel for disposition.  11th CIR. R. 42-1(a); *see Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) ("[T]here is a presumption in favor of dismissal, but the procedure is not automatic." (citing *Hope Clinic v. Ryan*, 249 F.3d 603 (7th Cir. 2001) (en banc); *Margulin v. CHS Acquisition Corp.*, 889 F.2d 122 (7th Cir. 1989))).

We canvassed the parties at oral argument.  No party -- including, most importantly, Appellee -- objected to Rodriguez-

---

[1] At no point did Rodriguez-Napoli file a motion to dismiss its appeal for lack of subject matter jurisdiction.  At oral argument, the other Intervenor-Appellant, Halpern, argued the case was not moot and Appellee agreed.  After thorough examination, we are satisfied this case has not become moot.  *See, e.g.*, *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 622 (11th Cir. 1994); *Rothe v. Aballí*, No. 20-12543, 2021 U.S. App. LEXIS 29174, at *3 (11th Cir. Sep. 27, 2021).

Napoli's motion for voluntary dismissal and we can discern no special circumstances that would warrant denying the motion.  *See, e.g.*, *Stinson v. Ritz*, No. 25-11145, 2025 WL 1861882, at *1 (11th Cir. July 7, 2025).

Accordingly, pursuant to Federal Rule of Appellate Procedure 42(b)(2) and 11th Cir. R. 42-1(a), the unopposed motion of Intervenor-Appellant Rodriguez-Napoli to voluntarily dismiss its appeal is **GRANTED**, and its appeal is **DISMISSED**.

Intervenor-Appellant Halpern's appeal remains pending before us.  Halpern maintains that the district court erred in denying its assertions of work product protection and attorney-client privilege and continues to seek a ruling on the merits of its pending appeal.

Having taken oral argument on Halpern's appeal, we will address the matter in a subsequent order.

**SO ORDERED**.